# M'Creary *against* Ross.

Tenants in common of a tract of land cannot maintain a joint action of account-render to recover the proceeds of it from one who is liable, upon an implied contract, to account for them.

ERROR to the district court of *Alleghany* county.

This was an action of account-render by P. J. M'Creary, William Hanna and Mary his wife, and others heirs at law of Sarah M'Creary deceased against John Ross.

Robert Johnston died seised of a tract of land, leaving issue four children, of whom Sarah M'Creary, the plaintiff's mother, was one, and the defendant was married to another. The tenants in possession of the land paid the rent to John Ross, the defendant, for several years after the death of Sarah M'Creary; but by what authority he received it did not appear. This action was brought by the present defendants to compel the defendant to account for their share of the rents; and the objection to it was, that they could not support a joint action, but each must sue for himself.

[M'Creary v. Ross.]

The court below (Grier, President) was of this opinion, and directed a verdict for the defendant.

*M'Candless,* for plaintiff in error, cited, 1 *Chitty's Gen. Prac.* 270; 1 *Co. Lit.* 199, *b.;* 2 *Saund.* 115; 3 *Lev.* 362; 3 *Wils.* 423; 3 *New Hamp. Rep.* 9; 7 *Mass.* 135; 10 *Serg. & Rawle* 219.

*Forward,* for defendant in error, cited, 15 *Serg. & Rawle* 153.

The opinion of the Court was delivered by

Rogers, J.—The action of account-render is founded on contract either express or implied. 3 *Yeates* 251. The defendant received the money for the use of his co-tenant, and in Irvine *v.* Hasler, 10 *Serg. & Rawle* 219, it is decided that account-render is the proper remedy; but the question is, may the co-tenant join in the suit, or must each bring suit for his own share. In general, tenants in common may join in a personal action for an entire injury to their property, as for trespass or other acts of damage to their tenements, as for breaking their houses or closes, feeding upon or injuring their grass, cutting their wood, fishing in their fisheries, and for nuisances to their lands. 1 *Chitty's G. P.* 270. For, as is said, the damages would in case of death belong to the survivor, and it would be unreasonable, where the damage is entire, that several actions should be brought for the same injury. So where a third person receives money as bailiff for two or more tenants in common, they may and perhaps must join in the action; for the demand is entire and the money is received for their joint use. In all the cases cited the suit is against third persons and not against each other; and in that respect differ materially from the case at bar. In this case the demand is not entire, nor would it survive. It is not therefore liable to the objection, that it would be unreasonable that several actions should be brought for an entire demand. The money is not received for the joint use of the other tenants in common, but for their separate use. The receipt or release of one would not discharge the debt; it would be unreasonable that it should; but this would be the effect of it were it viewed as joint. Besides in no point of view can this suit be supported; for if their suits be joint, the other tenants in common should have been parties. In Carrington *v.* Littleby, 2 *Saun.* 115, it is ruled, that if two persons have an entire joint demand, they may bring a joint action, though their interests are several. The same principle is held in other cases, all of which are collected in the note to 2 *Saun.* 115. But here there is no joint damage nor demand; but the action is founded on the implied contract, that on the receipt of the money he would pay the respective shares to each of his co-tenants. If the tenants in common had made the defendant their joint bailiff expressly, perhaps (although I give no opinion on the point) a joint action would well lie. When two or more are jointly entitled, or have a joint interest, they may join in the same action.

2 *Saun.* 115, *note.* But not so when their interest is several, and not joint, unless where, as in Carrington *v.* Littleby, there is an entire joint damage.

Judgment affirmed.