# Reichly *against* Maclay.

A notice to a stake-holder not to pay over money deposited in his hands upon an illegal wager, must come from the owner of the money; a notice from the person who made the bet and deposited the money on behalf of the owner, is ineffectual to enable the owner to recover it back.

ERROR to the Common Pleas of *Union* county.

Robert P. Maclay against Jacob Reichly. This was an action to recover the sum of $150, part of a bet made by Michael Kleckner with Jacob Reichly, on the result of the election. $300 were deposited by each party in the hands of Samuel Aurand, as the stake-holder. After the election, and while the money was yet in the hands of the stake-holder, Kleckner gave him this notice:

" Mr. Samuel Aurand. Sir—I inform you not to give up the $300 which I bet with Jacob Reichly some time ago; the men who own the greater part of the money gave me the same notice yesterday.

(Signed)   Michael Kleckner."

Aurand, however, paid over the money to Reichly, and took his refunding receipt and indemnity. Kleckner then brought suit against Reichly; to which defence was made, and the plaintiff recovered only $114, being the amount which he had in the bet. After which, Robert P. Maclay brought this suit to recover $150, the amount which he had in it. The court below was of opinion, and so instructed the jury, that the notice of Kleckner to the stake-holder was as efficient for the purpose of the plaintiff, in the present action, as if given by himself. This was the subject of the assignment of error.

*Donnell*, for plaintiff in error, argued that notice to the stake-holder was essential to the plaintiff's right of action; and he was not bound to regard the notice of any one but him who had the right to the money.

*Jordan*, for defendant in error.

[Reichly v. Maclay.]

PER CURIAM.—The stake-holder was bound to regard no notice which did not proceed directly from the owner of the money; and Kleckner admitted that he himself was entitled only to a part of it, which he subsequently recovered. He could not maintain an action for any other part of it, and he was incompetent to take any step in regard to it. How then could the stake-holder tell whether the true owner did not mean to let his part of the stake be paid over to the winner? It might naturally be supposed that if he did not intend to do so, he would have given notice to the stake-holder himself, rather than to his own partner in the bet. All should be open and explicit in such a case. No names should be withheld, nor anything omitted to show the stake-holder exactly what was intended; and thus to relieve him from all embarrassment. For the want of this, he was justifiable in paying over the money.

Judgment reversed, and a *venire de novo* awarded.