## Mytinger *against* Springer.

Money contributed by individuals and deposited in the hands of a stake-holder as a wager upon the result of an election, cannot be recovered back in a joint action by the contributors.

ERROR to the Common Pleas of *Huntingdon* county.

Ellis Springer and Nathan Wright against Lewis Mytinger. This was an action of *assumpsit*, in which the plaintiffs counted for money had and received to the amount of $1000. The proof was, that the plaintiffs united in depositing the sum of $1000 in the hands of the defendant, which was wagered upon the result of an election, and which he received notice from the plaintiffs not to pay over. The question was argued in this court and decided upon the point, whether a joint action would lie. Other questions were presented to the court below, upon which the plaintiffs were permitted to recover. This one does not seem to have been noticed.

*A. P. Wilson*, for plaintiff in error, argued that a joint action would not lie; that each plaintiff was only interested to the amount deposited by him; and cited 10 *Serg. & Rawle* 213; 3 *Penn. Rep.* 494.

*Bell*, contra, argued that the joint deposit of money can only be recovered in a joint action. It is in the nature of an implied contract of the defendant to pay the money to those from whom he received it. He received the money as one sum, not knowing the several interests of the two depositors, if any such existed; no implication could therefore arise of a promise to pay to each a sum, the amount of which the defendant never knew.

The opinion of the Court was delivered by

ROGERS, J.—The only point on which any serious difficulty arises, is in the instruction that the plaintiffs can sustain a joint suit to recover the money from the stake-holder. Taking it for granted that plaintiffs owned the money in unequal, or equal proportions, (and this is the fair import of the evidence), and that the defendant paid the money to the winner in defiance of notice, the question remains, can a joint suit be sustained to recover an illegal wager. The very point has not yet been decided; but in one case, which will be noticed, an opinion has been intimated. In *Reichly* v. *Maclay*, (2 *Watts & Serg.* 59), it is held, that a notice to a stake-

[Mytinger v. Springer.]

holder not to pay over money deposited in his hands upon an illegal wager, must come from the owner of the money.   The case proceeds on the idea that the stake-holder is justified in paying it over, because, until notice from the *owner*, he has a right to suppose he is at liberty to pay it over to the winner.   But here the notice was given by the parties in interest, and therefore any excuse arising from a presumed acquiescence of the owners of the money cannot avail the defendant.   But whether the suit should be joint or several, *App* v. *Coryell*, (3 *Penn. Rep.* 494), is more to the purpose.   When a sum of money is raised by the contribution of several persons, to be bet on a horse-race, and the same is deposited in the hands of a stake-holder by one of the contributors, in an action against such stake-holder, to recover back the money, by the individual who deposited it, it was held, that he was entitled to recover only that part of the stake he contributed, and not the whole.   It was held, that although the parties made it a joint fund, yet, for the maintenance of the suit, it must be considered as a separate fund, and on that ground the depositor was allowed to recover his proportion, but not more, from the stake-holder. No money, as is said in the case, is received to a man's use but his own, consequently the law implies no promise to any one but the owner.   If there were originally a partnership, it being illegal, it would go for nothing, and each of the parties could recover only on his original right of property, and consequently for himself.   The law will not recognise a partnership for an illegal purpose, and for that reason the court is bound to treat the transaction of partnership as if it had never been.   From this it follows, that each of the owners of the money deposited for an illegal purpose, must recover his proportion, whatever it may be, in a suit for himself.   In *App* v. *Coryell*, the plaintiff recovered his own proportion; and as this could not be if the fund was joint, it is a case very much in point.   If the money deposited had been *joint* property, and not made so for the purposes of the bet, a different question would be presented; and I apprehend the result would be different, but for the circumstance that it arises out of an illegal transaction.   When a joint deposit is made in the usual course of business, a joint action cannot be defeated by proof that it was owned in different proportions by the depositors.   The difference in their interests, and whether they be separate or joint, is a matter resting with themselves, with which the recipient of the money has nothing to do.   For this reason the judgment is reversed.

There is nothing in the other errors of which any further notice need be taken, than to say that they have not been sustained.

Judgment reversed, and *venire facias de novo* awarded.