# In the Court of Common Pleas of Luzerne County.

## MORRIS *et al. v.* HANNICK.

1. The statute of limitations never extinguishes a debt; it only forms a bar to the remedy to recover it by action.

2. Where several remedies are given, the party entitled to them may select that which is best calulated to serve his ends.

3. The act of February 24, 1806, authorizing judgments to be entered by the prothonotary on notes and other instruments, with confession of judgment attached, gives an additional remedy for collection to which the statute of limitations does not apply.

4. Where a debt, even though it be "grounded upon any lending or contract, without specialty," is acknowledged by a debtor under the form of a note, with confession of judgment attached, it may be entered in judgment and col'ected, notwithstanding more than six years have intervened between the maturity of the note and the entry of judgment upon it.

Rule to open Judgment.

Opinion delivered April 6, 1874, by

HARDING, P. J. It is conceded here that the defendant became indebted to the plaintiffs, during the early part of the year 1865, in the sum of one hundred and twenty dollars, for which he gave a note as follows :

"$120. PITTSTON, February 7, 1865.

One month after date, I promise to pay Morris & Walsh, or bearer, one hundred and twenty dollars, with interest, without defalcation or stay of execution, value received. And I do hereby confess judgment for the said sum, with interest, cost of suit and a release of all errors, waiving inquisition, and confessing condemnation on real estate. And I do further waive all exemption laws, and agree that the same may be levied by attachment upon wages for labor or otherwise.

(Signed) MICHAEL HANNICK."

The plaintiffs held this note eight years and upwards, or until December 15, 1873, when they made application to the prothonotary to have judgment entered upon it against the maker, which was accordingly done ; and thereupon they proceeded by execution to collect their money.

At this stage of the case, the defendant came in with an affidavit, setting forth several matters by way of avoidance, but alleging specially that if the plaintiffs were permitted to proceed with their execution, he would be deprived of the right to interpose the plea of the statute of limitations. Indeed, as developed subsequently, this constituted the sole basis of his resistance to the proceedings on the judgment.

Can the plea, *non assumpsit infra sex annos,* avail in Pennsylvania against an ordinary note for a sum of money, with confession of judgment attached, where the holder has failed to have judgment entered against the maker, until the expiration of six years after the maturity of the note? The act of 27th March, 1813, Purd. 930, pl. 18, provides, " * * * * * that all actions of debt grounded upon any lending or contract without specially * * * * shall be commenced and sued within the

time and limitation hereafter expressed, and not after, that is to say, *
* * * * within six years next after the cause of such actions * *
* * * and not after."

That the note in question is not a *specialty,* will be assented to at once. A *specialty* is defined to be a writing sealed and delivered, containing some agreement. 1 Binn. 261 ; 2 S. & R. 503 , a writing sealed and delivered, which is given as a security for the payment of a debt, in which such debt is particularly specified. Bac. Ab. Obligation, A. And though it be not said in the body of the writing that the parties have set their hands and seals, yet if the instrument be really sealed it is a specialty ; but if it be not sealed, it is not a specialty, even though the parties in the body of the writing make mention of a seal. 2 S. & R., *supra.*

Again, a note of this character has no analogy with certain causes of action, not grounded in specialty, which have hitherto been adjudicated as being outside of the applicability of the statute of limitations. For example, it has no analogy with an action of debt on a foreign judgment, as in Richards *v.* Brinckley, 13 S. & R. 395 ; nor with a claim for a legacy, as in Thompson *v.* McGraw; 2 W. 161 ; Doebler *v.* Travely, 5 W. 225 ; nor with the claim of a widow for interest on a third of the purchase money on her husband's real estate, sold by an administrator, as in Dillenbaugh's Estate, 4 W. 177 ; nor with a claim for a distributive share of personal estate under the intestate laws, as in Patterson *v.* Nichol, 6 W. 379 ; nor with an award at common law, as in Rank *v* Hill, 2 W. & S. 59 ; nor with a recognizance in the orphans' court, as in De Haven *v.* Bartholomew, 7 P. F. S. 126. Being then neither a specialty, nor within the category of causes of action to which the statute of limitations does not apply, the inquiry is put with apparent pertinence, why should not the judgment be opened, and the defendant thereby allowed to avail himself of a plea which has had statutory recognition in this country for a century and a half and upwards?

In Brown *v.* Sutter, 1 D. 239, Judge Shippen said, that the court would never open a regular judgment to let in a plea of the statute of limitations. But in Eckel *v* Snevely, 3 S. & R. 272, Chief Justice Gibson modified this doctrine somewhat, though the point then under consideration had reference to the form of action, and not to opening a judgment regularly entered. He said in that case, that the plea of the statute of limitations, being no longer an unconscionable one, as was considered in Schock *v.* McChesney, 4 Y. 507, and in the Bank *v.* Israel, 6 S. & R. 294, the rule of practice would not be recognized to the extent it had been in Brown *v.* Sutter.

In disposing, however, of the question raised by the proceeding before us, it is not vitally material to what extent the rule of practice referred to may be recognized, either in respect to forms of action, or causes

of action ; it is enough that there is something else to be considered here besides the statute of limitations. The act of February 24, 1806, Purdon 825, pl. 32, provides, that "it shall be the duty of the prothonotary of any court of record within this commonwealth, on the application of any person being the original holder, or assignee of such holder, of a note * * * * in which judgment is confessed, * * * * to enter judgment against the persons who executed the same, for the amount which, from the face of the instrument, may appear to be due," &c. Whenever, therefore, a debt, even though it be "grounded upon any lending or contract, without specialty," is acknowledged by a debtor under the form of a note, with confession of judgment attached, it comes within the provisions of this act of assembly, and may be entered in judgment and collected notwithstanding more than six years have intervened between the maturity of the note and the entry of judgment upon it. The act simply gives to the creditor or holder of the note an additional remedy for its collection. No principle of law is more firmly established than that when several remedies are given, the party entitled to them may select that which is best caiculated to serve his ends. It is not denied that the judgment here represents a subsisting indebtedness. Now, the statute of limitations never extinguishes a debt ; it only forms a bar to the remedy of the holder to reoover it by action. Higgins *v.* Scott, 22 Eng. Com. L. R. 176 ; Leasure *v* Mahanoy Township, 8 W. 551 ; McCandless' Estate, 11 P. F S. 11. But it is not that remedy which these plaintiffs are pursuing ; on the contrary, they have selected the remedy attaching to the confession of judgment, and to this the statute of limitations does not apply. They have indulged the defendant eight years and more ; he seeks now to avoid payment altogether, because he was not pushed to the wall inside of six years.

The rule is discharged.