# Larzelere, Appellant, *v.* Jones.

*Equity—Parties—Jurisdiction—Tenants in common—Accounting.*

1. Two or more tenants in common may maintain a joint bill in equity for an accounting against another tenant in common who assumed the management of the joint estate, when it appears that the rights of all the parties arose out of the same title on the same state of facts, that their claims were of equal amounts, and that any defense set up under the pleadings would be available against all of the plaintiffs.

2. In such a case a statement furnished by the defendant to the plaintiff need not to be made part of the bill where it is averred that the defendants had no means of verifying the statement, as the latter had refused to exhibit leases of the property, or vouchers for expenditures or repairs.

*Appeals—Amount in controversy—Supreme or Superior Court.*

3. An appeal may be taken to the superior court from a decree dismissing a bill in equity filed by several tenants in common against a cotenant in possession for an accounting where it appears that the share due to each plaintiff was less than $1,500.

Argued Nov. 17, 1912. Appeal, No. 72, Oct. T., 1912, by plaintiffs, from decree of C. P. No. 3, Phila. Co., Dec. Term, 1911, No. 2,030, dismissing bill in equity in case of Cora J. Larzelere and Bertha W. Neal v. Lillian A. Jones. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Bill in equity for an account.

The opinion of the Superior Court states the case.

*Error assigned* was decree dismissing the bill.

*John G. Kaufman* and *George Henderson*, with them *V. Gilpin Robinson*, for appellant.—The parties were properly included in one suit: Fidelity & Deposit Co. v. Fidelity Trust Co., 143 Fed. Repr. 152; Lance's App., 112 Pa. 456; Lancaster v. Flowers, 208 Pa. 199; Zahn v. McMillin, 179 Pa. 146; Yeahey v. Keck, 183 Pa. 532; Humbird v. Davis, 210 Pa. 311.

The averment as to a "statement" made up by defendant neither adds to nor detracts from our right and should be treated as surplusage.

*William H. Peace*, for appellee.—Appellee contends that under the averments of the plaintiffs' bill, since no contract existed between the plaintiffs and the defendant relating to the collection of the rents in question, a joint action such as has been brought will not lie: McCreary v. Ross, 7 Watts, 483.

The court had no jurisdiction: Samson's Estate, 22 Pa. Superior Ct. 93.

OPINION BY HENDERSON, J., February 27, 1913:

The plaintiffs and defendant and others were devisees of several houses under the will of their father and as charged in the bill the defendant assumed the entire management of the real estate after the death of the testator and has so continued up to the time of filing the bill, in which management she leased and collected all of the rents, made repairs and disbursed money therefor and for other purposes without any direction or consultation from or with the complainants; that the defendant has refused to render an account to the complainants although requested so to do and has refused to exhibit the leases, vouchers and other documents received by her

or to render an account of the receipts and disbursements involved in the management of the business. The prayers of the bill are for an account; that the defendant be required to produce her books, receipts, vouchers, leases, etc., to show the necessity for the expenditures made by her and general relief. The defendant demurred to the bill on the ground that the joint bill could not be maintained and, second, that an account should have been exhibited with the bill. The court sustained the demurrer for the reason that the interests were several and that each tenant should sue separately and, second, because the bill did not set forth the "statement" which was stated therein to have been exhibited to the plaintiffs by the defendant. We may assume from the averments in the bill that the leases were made in the name of the defendant or in such form that she was authorized to receive the rent and that out of this fund she paid the taxes, repairs and any other charges which may have properly come against the property. In so managing the business the joint owners were treated as having a common fund from which the aggregate amount of annual charges against the property was taken. What was left belonged to them. Whether there is anything due to the other joint tenants does not appear. For aught that we know they may have received whatever was their due. The interests of the plaintiffs are identical. Their rights arise out of the same title on the same state of facts and their claims are of equal amount. Any defense set up under the pleadings as they now are would be available against both. No litigated matter is peculiar to one of the plaintiffs rather than the other. The matter in controversy may well be considered joint as between the plaintiffs on the one part and the defendant on the other. If the plaintiffs agree to treat their interest as a common fund it does not appear that the defendant would be prejudiced in the slightest degree and a multiplication of actions would be avoided to the advantage of both litigants. The plaintiffs have a community of in-

terest in the object of the suit which covers the whole case. If the defendant treating the rent received as a common fund has lawfully disbursed it on the joint account of all of the owners she cannot be charged with the payment of anything to her joint tenants and the decree would be in her favor generally. If, on the other hand, her liability is established and the fund is not exhausted the decree could be molded to meet the requirements of the case. Such decree would be a bar to any subsequent proceeding by the plaintiffs for the same cause. The defendant has no concern with the division of the proceeds between the plaintiffs: Brinkerhoff v. Brown, 6 Johns. Ch. 139; Gaines v. Chew, 43 U. S. 619; Mytinger v. Springer, 3 W. & S. 405; Humbird v. Davis, 210 Pa. 311; Yeaney v. Keck, 183 Pa. 532. The case relied on by the court below, McCreary v. Ross, 7 Watts, 483, was an action of account render. That was a proceeding at law and turned on a question of technical pleading. The practice in equity is more elastic and better adapted to the administration of justice where there are numerous parties and extended accounts. It is intimated in that case, however, that where two persons have an entire joint demand they may bring a joint action though their interests are several.

We are not warranted in assuming that the "statement" referred to in the bill was an account such as the plaintiffs sought and it was the apparent duty of the defendant to render. The failure to annex it to the bill did not defeat the jurisdiction of the court. The right of the plaintiffs to have inspection of the leases and the vouchers for the disbursements made by the defendant cannot be successfully denied on the facts set up and an account should exhibit the debits and credits with a reference to the vouchers supporting them. The reference in the bill to the "statement" is unimportant as bearing on the liability of the defendant to account. She received the fund and has knowledge of the manner in which it was disposed of. So far as disclosed no other person has this

information.  Our conclusion is that the court had juris-
diction in equity to entertain the bill.

A motion was made to quash the appeal on the ground
that the sum in controversy exceeds that of which this
court had jurisdiction.  The question was before us when
the case was called for argument at a prior date, at which
time a continuance was directed in order that a certificate
of the amount in controversy might be obtained from the
trial judge, as appears from the opinion filed October 18,
1912, reported herewith.  This certificate was subse-
quently filed, from which it appears that the share due to
each of the appellees is $989.24, and we consider the case
within the jurisdiction of this court, as indicated by the
foregoing opinion.  The motion to quash the appeal is
therefore dismissed.

The decree is reversed, the demurrer overruled and the
record remitted to the court below with a procedendo.