# John Shock *against* John M'Chesney.

Action of malicious prosecution will lie, after a criminal prosecution begun though no indictment has been preferred. *Aliter* of slander. An amendment will not be granted, which gives the plaintiff a new substantive ground of action, and takes from defendant the right of pleading statute of limitations.

MOTION for a new trial. It was an action of slander, tried at Harrisburgh, before YEATES and SMITH, Justices, on 3d October 1799, at *Nisi Prius*, when a verdict passed for the plaintiff and $55 damages were assessed.

The words charged, were words asserting before a justice of the peace of Dauphin county, that the plaintiff had been guilty of forgery in erasing and altering the time of payment in a note payable to himself. It did not appear by testimony, that the defendant had used the expressions at any other time or place, but before the justice. In pursuance of the accusation, the plaintiff was bound over to appear at the next sessions to answer the charge, and was discharged at a subsequent sessions, no indictment having been preferred against him.

The motion for the new trial was argued in the absence of the plaintiff's counsel, by Mr. Ingersoll, for the defendant, in Philadelphia, last March term ; and the cause being transferred to the middle district, by the late act of 10th April 1807, (8 St. Laws 248,) the argument was again resumed by Messrs. Hopkins and Elder, for the defendant, and the motion opposed by Messrs. Montgomery and Fisher, for the plaintiff.

*Arguments for the defendant.* If no suit will lie under the circumstances of this case, or if the plaintiff has misconceived his action, in either case, the motion for the new trial will prevail. The law protects witnesses in criminal prosecutions, on principles of public policy. Nothing less than corruptness of heart will render them punishable ; not a mistake of judgment. The law on this subject is fully settled. 4 Co. 14, 15. 1 Saund. 131, 132. Williams's note, 2 Inst. 228. Lord ELDON lays it down, that it would be a matter of public inconvenience, and operate to deter persons from preferring their complaints against offenders, if words spoken in the course of preferring their complaint, should be deemed actionable. 3 Esp. Rep. 33. See 2 Burr. 807. And here the defendant acted under his real impressions, and a belief of the fact. He was proceeding legally to punish it, but never repeated the words.

Yet if any action will lie, it must be a suit for malicious prosecution, *wherein probable cause is a good defence. . It is not so in slander ; and by changing the nature of the action, the defendant has been materially injured. The judges who tried the cause declare l their opinions, that it seemed to them an action of malicious prosecution would not lie for a malicious prosecution, grounded on a *crimen imposuit,* where no

*508]

indictment had been preferred to the grand jury. But the expressions of BULLER J. in 2 T. R. 231, though they may have that aspect in the first instance, only go to shew that the word "acquitted" and not "discharged" as applied to the plaintiff, is the true form of declaring in malicious prosecution. In Fuller *v.* Cook, 3 Leon. 101, the whole circumstances of a case similar to the present, are disclosed in the declaration; there the court take this difference. Where one whose goods are stolen, comes to a justice of. the peace, and shews him the matter, and prays that the matter may be examined and such a one is examined upon it, no action lies : but if such a person in such a case will expressly say, "that such a one hath stolen," &c. and procures a warrant on such surmise to arrest the party, an action on the case will lie. Slander and malicious prosecution are joinable. A case occurs in H. Bla. 78, where there were five counts for words spoken, and one for maliciously and without probable cause, causing a justice to issue a search warrant to search for a dog supposed to be stolen by the defendant, &c. though no indictment had been exhibited, a defence was made on the last count, on the ground of probable cause. Probable cause is a decisive answer to an action of malicious prosecution. 3 Espin. Rep. 7. 3 Bla. Com. 126. Such action will lie for maliciously procuring one to be indicted, though the indictment be insufficient. Gilb. Rep. in B. R. 185. In Leigh *v.* Webb, 3 Espin. Rep. 165, an action for malicious prosecution was sustained, though no indictment had been preferred, and the plaintiff was nonsuited, because his evidence did not support the declaration : but it is an authority in point as to the present question; and so it was ruled in a late case in Philadelphia between             by the chief justice at the last court of *Nisi Prius* there held. A contrary doctrine would be attended with many evils. It would naturally urge the accuser to go on with the prosecution, in order to shelter himself; his interests would not be embarked with his passions. Individuals prosecuted injuriously for petty misdemeanors would be protected, unless their losses were enhanced by indictments; and the grossest injuries would thus be perpetrated with impunity. An action will not lie against a party suing out a writ, unless malice be averred. 1 Boss. and Pull. 388. Evidence of actual malice must be given, in an action for maliciously holding one to bail. 2 Boss. and Pull. 129.

*\*E contra* for the plaintiff. Malicious slander though [509\*] under the seeming garb of justice, gives a cause of action. Words spoken by counsel maliciously in a suit, are the subject of an action. Cro. Jac. 90, 91. A mockery of justice under the forms of law is punishable. 1 Hawk. 354. Malice must have been established in the present suit; otherwise the plaintiff could not have recovered. Where a verdict passes for the plaintiff, in slander the court will presume malice. 1 Lev. 119.

It seems singular, that one is accountable to another for slan-

[Shock *v.* M'Chesney.]

derous words, the truth of which he cannot prove ; and yet if he inflicts an additional injury by commencing a criminal prose cution, but stops short in it, that he is no longer amenable for the slander.    Our feelings revolt at such doctrine.    A malicious prosecution is founded in this, that a legal prosecution has been carried on without a probable cause.    1 T. R. 544.    The plaint-iff must procure a copy of the indictment and acquittal.    3 Bl. Com. 126.    And the court need not grant this copy unless in a case of felony.    1 Bl. Rep. 385.    In other cases therefore, the party would be dispunishable in this form of action.    But the plaintiff must also shew that the suit was at an end.    Doug. 215. The forms of pleading, it is said, shew what the law really is. But a declaration in malicious prosecution, that the plaintiff was discharged, is not sufficient ; it must aver that he was acquit-ted.    2 T. R. 231.    The prosecution must appear to be fully ended.    Ib.    And hence it is, that a malicious prosecution will not lie upon a *nolle prosequi* entered on an indictment found. 1 Salk. 21.    6 Mod. 261.    2 Salk. 456.    Because the party may go on notwithstanding with the prosecution.    And may he not do the same thing here ?    What will prevent the defendant here from renewing his former charge of forgery ?    But even admit-ting, that an action of malicious prosecution might here have been maintained, it is sufficient for the plaintiff's purpose if slan-der would also lie.    And the two forms of action are joinable. Lofft. 771.    S. C. Cowp. 230.    Suppose the justice had not thought proper to bind the plaintiff over upon the complaint, could he not have supported an action of slander ?

At all events the defendant should here have pleaded a spe-cial justification.    On *non cul* in slander, the truth of the words cannot be given in evidence even in mitigation of damages.    2 Stra. 1200.    The truth of the words charged can only be shewn under a special justification.    Bull. 8, 9.    Slanderous words from rumour have been held no justification.    7 T. R. 17.    If the defendant had pleaded specially, the plaintiff might reply the speaking of the words at another time and place.    2 Keb. 361.    See 2 Burr. 107.    Hob. 192.

If injustice has not been done the court will not award a new *trial, to turn the party round to another form of action. 2 Burr. 935.    1 Wash. 150.    After verdict, the court will presume every thing to have been proved, which was necessary to sustain the plaintiff's action.    Cowp. 275.

The case cited from 3 Leon. 101, makes strongly for the plaint-iff.    The circumstances of that case are admitted to be similar to the present.    It does not appear to be an action for malicious prosecution, though the case is fully stated on which the plaint-iff grounded his action, and the want of probable cause is not averred in the declaration.    There on a special verdict the court held the suit maintainable.

YEATES, J.    Neither Judge SMITH nor myself are ashamed to

[Shock *v.* M'Chesney.]

admit, that in the decision of this cause at Nisi Prius, we were mistaken in the principle which governed our opinion. We were misled by the authority in 2 T. R. 231, and the cases in 1 Salk. 21. 2 Salk. 456, that malicious prosecution will not lie, where an indictment has been found and a *nolle prosequi* entered. The law does not seem to discriminate accurately on this subject, when the prosecution shall be considered at an end. The case has been much more fully argued now; and we freely admit, that from the new authorities, which have been adduced by the defendant's counsel, the plaintiff has misconceived his suit, by bringing an action of slander, instead of malicious prosecution. In the latter case, the defendant would have had it in his power to shew a probable cause of complaint to the justice for the supposed forgery, as a ground of defence to the civil action. By proceeding in an action of slander, the defendant was deprived of this right; and we therefore are of opinion that a new trial be awarded. See Secar *v.* Babcock, 2 John's N. York Reports 203.

The other members of the court assenting hereto a new trial was awarded.

The plaintiff's counsel then moved to amend the declaration by adding a count for malicious prosecution, under sec. 6, of the arbitration act passed 21st March 1807, 7 St. Laws 562. All suits are to be tried on their true merits, and not to be set aside for informality. The words of the act are very large, and impower the court to permit an amendment. The plaintiff was taken by surprise on the trial, by the plea of justification being withdrawn after the jury were sworn.

This was opposed by the defendant's counsel. This suit was brought in the Common Pleas to August term 1797, and an amendment is now prayed for in July 1808. The delay has been very great.

*The amendment required, essentially alters the nature of the action; and moreover takes away the right of the defendant to plead the statute of limitations. At all events, the plaintiff should pay the costs until the present time. [*511

The plaintiff in reply. The delay is not solely imputable to us. The defendant removed the cause when the suit was ready for trial below; and his counsel must share the blame of not arguing it earlier in the city. The court will grant leave to amend in penal actions, where the amendment does not introduce any new substantive cause of action. 7 T. R. 155.

*Per Cur.* Here certainly has been delay; but it is said to be imputable to both parties. We have the power of amending at common law; but by doing so in this instance, we give the plaintiff a distinct substantive ground of suit, which he never contemplated before; and prevent his opponent from sheltering himself under the statute. This is wholly inadmissible.

[Moodie's Lessee *v.* Vandyke and Ireland.]

The clause was introduced into the arbitration act to prevent nonsuits for matters of form, and to bring the true merits of each case before the court, where the controversy remains the same.

YEATES, J. said a motion of the like kind was denied on argument in Philadelphia, where the canal company asked to introduce new instalments on notes given by the stockholders into their declarations.

Motion denied.

Cited in 5 Binn. 54; 2 S. & R. 359; 6 S. & R. 295; 11 S. & R. 101; 1 Wh. 290; 45 Pa. 404, on the question of amendment.
Cited in 106 Pa. 123; 14 W. N. C. 542; 18 W. N. C. 5, to show that the plea of the statute of limitations is no longer considered an unconscionable one.
Referred to in 10. S. & R. 225; 3 W. & S. 273.