[PITTSBURG, SEPTEMBER, 1828.]

## BOGGS, Administrator of BOGGS, *against* BARD and others, Executors of JOHNSON.

### IN ERROR.

It is no reason for rejecting evidence of a demand, that it is beyond the date prescribed by the act of limitations.

Where the debt to be recovered is assets, the plaintiff may name himself administrator, and sue as such on a contract made by him.

WRIT of error to the Court of Common Pleas of *Indiana* county.

(Boggs, Administrator of Boggs, *v.* Bard and others, Executors of Johnson.)

The opinion of the court was delivered by

Huston, J.—This was an action of assumpsit by the plaintiff, and his demand consisted of an account settled with *John Boggs,* in his life time, by *J. Johnson,* and a claim by the plaintiff as administrator of *J. Boggs* against *James Johnson* in his life time. The demands are both of ancient date.

The settled account was admitted in evidence. The evidence of the assumpsit to the administrator was rejected, and to that exception was taken.

The reasons which governed the Court of Common Pleas we have not, but their decision has been attempted to be supported on the following grounds:—That the claim is very old, and barred by the statute of limitations: That the deeds offered in evidence, are between other parties, and not admissible here: And, that this part of the demand is one which cannot be joined with the claim for debt to *John Boggs* in his life time.

The first is no good reason for rejecting proof of the original debt. It is true, the statute of limitations, if pleaded, may bar it; but, evidence may be given, which will take it out of the operation of that statute, and this cannot be known until all the testimony is heard.

The parties are all relations, and the transaction on which the claim arose, although a little complicated, is one on which a demand might arise; and which, from the letter of *J. Johnson,* the deposition of *Lawrey,* and the deeds, may be easily understood. The deeds, to be sure, have only a remote bearing on the cause, but they are all referred to in the deposition of *Lawrey;* that deposition, and the letter, and the deeds, and record, make out, or are supposed to make out this case:

That *John Boggs,* in his life time, conveyed one half of his farm to his son, *Andrew,* the plaintiff, and left the other half to pay his debts, and be divided among his daughters: That *Andrew* sold his half to *R. Miles,* for five hundred dollars, who offered the same price for the other half: That there was a judgment against *John Boggs* in *Mifflin* county, where he lived, and a deed in favour of *J. Johnson,* as administrator of *Bailey:* That it was agreed that the half tract left by *J. Boggs,* should be sold by *Johnson* on that judgment, and purchased by him, and then conveyed to *R. Miles* for the sum of five hundred dollars, which he offered; and the debt to *Bailey's* estate taken out of the purchase money, and the balance go to the creditors of *J. Boggs,* or to his daughters: That the land of *J. Boggs,* deceased, was sold on that judgment, purchased by *Johnson,* and conveyed by him to *R. Miles,* who paid him the five hundred dollars: That part of this sum, which remained after paying the debt to *Bailey's* estate, is the subject of this suit. Whether the evidence offered proved this case, was for the jury, and it ought to have gone to them.

The deposition, which mentions deeds and records, cannot be read,

(Boggs, Administrator of Boggs, *v.* Bard and another, Executors of Johnson.)

unless the deeds and records are produced. Deeds and records, mentioned by parties in a contract, or referred to for dates and sums, may be evidence in a cause between suitors, who are no parties to those deeds or records—not for all, purposes, not to show title, or to prove the points adjudicated in the suit, as a bar, but as proving facts material in a cause trying.

The last objection is also untenable. It is true, *Boggs,* as administrator, had, strictly speaking, no power to make this contract; but he made it, and no doubt is even intimated, that it was the best thing he could do for the estate he represented, and for his sisters. They do not complain, and never did. If he gets this money, it will not be his own; it was not understood or agreed to be his own. It was to be, and will be assets in his hands, as administrator, to pay debts, or to distribute. The papers offered, show there were claims against the estate, and at least, one sister to take it if there were no claims.

There are many cases in which an executor, or administrator, may sue, and may recover too, either in his representative, or individual capacity. Without going into a particular distinction, it may be laid down as a general rule, that where the money sued for will be, must be, assets, it is not error to name himself administrator. In this case the defendant ought not to make this objection; for we see on this record, evidence, that he expects to set off claims against the estate of *J. Boggs.* To meet this claim, if suit had been brought by *Andrew,* in his own name alone, the defendant would have found more difficulty in getting his defence before the jury.

Judgment reversed, and a *venire facias de novo* awarded.