# Ekel *against* Snevily.

If a judgment be opened upon an affidavit of defence, and the defendant let into a defence upon the merits, he will not, upon the trial, be permitted to take advantage of a technical exception to the form of action.

ERROR to the Common Pleas of *Dauphin* county.

J. M. Ekel against John Snevily. This was an action of *assumpsit*, founded upon a note of John Smull to John Snevily or order, and by him transferred to John Ekel, and the payment thereof guaranteed to the plaintiff. John Ekel endorsed the note to the plaintiff. A judgment was entered by default. Upon an affidavit of defence, the court opened the judgment, and let the defendant into a defence upon the merits. On the trial of the cause, the plaintiff offered the note in evidence; to which the defendant objected, on the ground that the action was erroneously brought in the name of J. M. Ekel. The court sustained the objection, and overruled the evidence.

*M'Clure*, for plaintiff in error, referred to the former report of

[Ekel v. Snevily.]

the case, (1 *Watts & Serg.* 203), and contended that the terms upon which the judgment was opened limited the defence to the merits. The objection here was purely technical.

*M'Cormick*, for defendant in error, argued that the action should have been in the name of John Ekel, to whom the guaranty was made, and cited 1 *Dall.* 194; 7 *Mass.* 479; 1 *Stra.* 479; 1 *Salk.* 133; 5 *Wend.* 308. That a plaintiff has no legal cause of action, is always a meritorious defence.

The opinion of the Court was delivered by

Gibson, C. J.—The objection that the action is misconceived, must have prevailed had not the defendant been compelled to accept indulgence on terms which preclude him from insisting on merely technical exceptions; for recourse to a guarantor can be had by a subsequent holder of the guaranty, as it is not negotiable, only by means of an action in the name of the guarantee. But the defendant had lost the independence of his position by suffering judgment to be taken against him by default, and by being unable to have it set aside for irregularity, or to do more than have it opened just so far as to let in a sworn defence to the merits—not to the action—and it consequently remained closed to everything else. Now the plaintiff, as equitable owner of the note, had a conscionable right to enforce the contract of guaranty which accompanied it; and whether by an action in his own name, or an action in the name of the immediate party to it, was a consideration with which the justice of the case had no concern. The judgment was opened not to turn the plaintiff round to another action for a technical impediment to a recovery in this, but to give the defendant an opportunity to show that he ought not to be compelled to pay the debt. He showed no more, however, than that he ought not to be compelled to pay it by an action like the present. Was that a defence on the merits? It was said, in *Brown* v. *Sutter*, (1 *Dall.* 239), that a judgment will not be opened to let in the statute of limitations; but as the plea of that statute has since been considered, in *Shock* v. *M'Chesney*, (4 *Yeates* 507), and *The Bank* v. *Israel*, (6 *Serg. & Rawle* 294), to be no longer an unconscionable one, the rule of practice would scarce be held so now. But certainly no court would disturb a regular judgment merely to open the floodgates of litigation afresh, and frustrate a righteous recovery by reviving purely technical objections to it. On the contrary, the usual, and indeed the proper practice is, to regulate the lists so as to restrict the contest to the ground of the defence sworn to, by prescribing the plea and the points of fact to be controverted; and by relieving the plaintiff, not only of technical encumbrances, but the useless task of proving anything which the defendant's affidavit had not denied. These conditions were clearly within the chancery powers of the court; a liberal

[Ekel v. Snevily.]

but judicious exercise of which, would not only reflect credit on the legal forecast of the Judge, but spare the Court of Error much unprofitable labour. We have not been furnished with a copy of the affidavit on which the judgment was opened, and as the defence was restricted by the order of the court only to the merits, the plaintiff's evidence ought to have been received as the foundation of a recovery in his own name, provided it made out a case proper for a recovery in the name of the guarantee.

Judgment reversed, and a *venire de novo* awarded.