## Herman *versus* Rinker.

106  121
111  205
106  121
163  237

1. It is within the discretion of the Courts of Common Pleas to open a confessed judgment entered upon a judgment note, not under seal, for the purpose of permitting the statute of limitations to be pleaded thereto. Especially is such action within the power of the court where the judgment was entered without compliance with a rule of court, providing that if the warrant be above ten and under twenty years old, judgment can only be entered thereon on motion to the court, supported by affidavit that the warrant was duly executed, the money unpaid, and the parties living.

2. Upon the trial of an action, the fact that the instrument sued on appears on its face to be barred by the statute of limitations, is no reason for excluding the same from being put in evidence; for unless admitted, the plaintiff would have no opportunity to give evidence to take it out of the operation of the statute. The action, in such case, being upon the original undertaking, the admission of the instrument is the first step in the plaintiff's case, without which he could not get to the jury at all.

3. Upon the trial of an issue against two defendants upon a note more than six years old, the court rejected the plaintiff's offer of the note in evidence. The plaintiff then renewed his offer, accompanied with an offer to show a payment on account by one of the defendants within six years; and plaintiff further asked leave to amend his narr. so as to declare against said defendant alone, all which the court refused. *Held* to be error. The amendment should have been permitted, and the offer admitted.

March 21, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Wyoming county :* Of January Term, 1884, No. 138.

Judgment was entered by John C. Herman, administrator of George Rinker, deceased, against John W. Rinker and Abraham Rinker, Senior, on a judgment note of which the following is a copy :

$1,000.                              Wyoming, Pa., July 1, 1867.

Five years after date for value received I promise to pay George Rinker or order the sum of one thousand dollars and —— cents with interest without stay of execution. And I, $7\frac{3}{10}$ per cent. interest, hereby confess judgment for said sum with interest and cost of entry. And I also hereby waive the rights of inquisition, and all exemption laws of this Commonwealth.

JOHN W. RINKER.
ABRAHAM RINKER, Sen.
JAMES W. RINKER.

[Herman *v.* Rinker.]

[Indorsed], June 4, 1873. Received on the within note five dollars.

Received on the within fifty dollars. June 29, 1877.

ABRAHAM RINKER.

Judgment was entered up August 15, 1881, on this note against John W. Rinker and Abraham Rinker, Senior, James W. Rinker having previously died. The plaintiff omitted to comply with a rule of court, which provided that if the warrant be above ten and under twenty years old the court must be moved for leave to enter judgment, and an affidavit accompany the motion, to the effect that the warrant was duly executed, the money is unpaid, and the parties are living.

A motion was subsequently made, upon application of Abraham Rinker, Senior, to strike off the judgment, which was refused. The court, however, opened the judgment as to both the defendants for the purpose of letting in the plea of the statute of limitations. (First and second assignments of error.)

The issue was made up at bar, the note to stand for the declaration, and defendant to plead the statute of limitations.

Upon the trial, before INGHAM, P. J., plaintiff offered the note and docket entries in the case. This offer the court rejected, as being barred by the statute of limitations. (Fourth assignment of error.)

Plaintiff then renewed the offer, accompanying it with an offer to show a payment of $50 made by Abraham Rinker within six years, as indorsed on the note and attested by his signature. This offer was rejected on the ground that there being a joint issue as to two defendants, evidence which would toll the statute as to one only was inadmissible. (Fifth assignment of error.)

Plaintiff then moved to amend his declaration so as to declare against Abraham Rinker alone. This motion was disallowed, and the court instructed the jury to find a verdict for defendants. (Sixth and seventh assignments of error.)

Verdict, accordingly, for the defendants, and judgment thereon.

Plaintiff thereupon took this writ of error, assigning for error the action of the court below in opening the judgment, in overruling his offers of evidence, in refusing the motion to amend his declaration as above set forth, and in directing a verdict for the defendants.

*John A. Sittser*, for plaintiff in error.

*Wm. M. Piatt & Sons*, for defendant in error.

Mr. Justice PAXSON delivered the opinion of the court, April 14, 1884.

The judgment in this case was entered by virtue of a warrant of attorney against two of the three makers of a promissory note. The third was dead when the judgment was entered, and as to him the warrant was a nullity. The note was not under seal, was dated July 1, 1867, and the judgment was entered August 15, 1881, without a compliance with the rule of court, which requires an application to the court in term time, or to a judge in vacation for leave to enter judgment where the warrant is over ten and under twenty years old, which application must be founded upon an affidavit of the due execution of the warrant or written power, and that the money is unpaid. A motion was subsequently made in the court below, upon the application of Abraham Rinker, one of the defendants, to strike off the judgment. This motion was refused. The court, however, opened the judgment as to both the defendants, for the sole purpose, as appears from the record, to let in the plea of the statute of limitations. There was a time when the statute was regarded with so much disfavor, that it was said in Brown v. Sutter, 1 Dallas, 240, that the court would never open a regular judgment to let in the plea of the statute of limitations; but as was held by Chief Justice GIBSON in the later case of Ekel v. Snevily, in 3 W. & S., 272: " As the plea of that statute has since been considered in Shock v. McChesney, 4 Yeates, 507, and The Bank v. Israel, 6 S. & R., 294, to be no longer an unconscionable one, the rule of practice would hardly be held so now." And there seems a propriety, in the present case, of opening the judgment to let in the plea of statute, inasmuch as the judgment was entered without leave of court, or the affidavit required thereby, upon a note which upon its face was then barred by the statute. In any event it was a matter in the discretion of the court, and we see no error in opening the judgment. The first and second assignments of error are not sustained.

Upon the trial the plaintiff offered the note in evidence, with the docket entries showing the entering of the judgment, and the order of court opening the same. This offer the court rejected upon the ground that the note was barred by the statute. We cannot sustain this ruling. It is no reason for rejecting the note that upon its face it was barred by the statute. It is true, the statute of limitations, if pleaded, may bar it, but evidence may be given which will take it out of the operation of the statute, and this cannot be known until all the evidence is heard: Boggs v. Bard, 2 Rawle, 102. The plaintiff must make a beginning with his proof. The first

step is to offer the note, and if he cannot take the first step he cannot get to the jury at all, although he may have abundant evidence to take the note out of the statute. And in such case the action must be brought upon the original undertaking, and not upon the new promise; and when the statute is pleaded the new promise is proved to show that the objection to the old promise has been waived: Yaw *v.* Kerr, 11 Wright, 333.

Failing to get his note in evidence the plaintiff renewed his offer, and accompanied it with an offer to show a payment made by Abraham Rinker within six years. This would clearly take the note out of the statute as to him. The court rejected this offer also, partly upon the ground that there was a joint issue as to two defendants; that the evidence tolled the statute as to one of them only, and that there could be no judgment against the other; whereupon the plaintiff moved to amend the declaration in the feigned issue so as to declare against Abraham Rinker alone. The amendment was disallowed by the court. This, with the ruling out of the evidence referred to, put the plaintiff out of court.

We think the amendment should have been allowed, and the evidence received. The pleadings were of the most informal character. After the jury had been called in the box it was discovered that no issue had been made up. It was then made up at bar; the note to stand for the declaration, and the defendant to plead the statute of limitations. It will thus be seen that the issue was made up as to one defendant, against whom no judgment had been entered, and as to another defendant who did not ask to have the judgment opened. The issue should have been made up in the first instance as to Abraham Rinker. He was the only actor, and the case should have been tried as to him alone. The note was several as well as joint. The plaintiff was entitled to a judgment against him in the absence of a defence. Whether a judgment in his favor would discharge his co-promisors is a question with which we have no present concern. It might perhaps depend upon the character of his defence, as was said in Swanzey *v.* Parker, 14 Wright, 441. I do not see that the plaintiff can be deprived of his right to amend by reason of the informal nature of the pleadings. It was certainly a loose way of framing an issue, and is not to be commended. We think, however, that the ordinary rules of pleading should be applied in such cases, and no good reason is apparent why the amendment should not have been allowed.

Judgment reversed, and a venire facias de novo awarded.