F. Bates, Cashier in trust for Exchange Bank of Titus-ville, Appellant, v. H. B. Cullum.

[Marked to be reported.]

*Judgment—Opening judgment—Statute of limitations.*

It is within the discretion of the court of common pleas to open a confessed judgment entered upon a judgment note, not under seal, for the purpose of permitting the statute of limitations to be pleaded thereto.

The defendant in such a judgment, who has had no day in court, should be given an opportunity to set up the statute of limitations, even though no other ground of defence be shown.

Mr. Chief Justice Sterrett and Mr. Justice Mitchell dissented.

Argued May 2, 1894. Appeal, No. 500, Jan. T., 1894, by plaintiff, from order of C. P. Warren Co., March T., 1881, No. 258, making absolute rule to open judgment. Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ. Affirmed.

Rule to open judgment.

From the record it appeared that judgment was entered June 2, 1881, on the following note, signed by defendant:

"$4,000.    Meadville, Pa., 10 Nov., 1873.

"One day after date for value received I promise to pay to the order of F. Bates, cashier in trust for the Exchange Bank of Titusville, Four Thousand Dollars, without defalcation. And further, I do hereby empower any attorney of any court of record of this state, or elsewhere, to appear for me and confess judgment for the same in favor of the above bank, its executors, administrators or assigns, against me with costs of suit and release of errors."

On Jan. 4, 1892, defendant filed his petition to open the judgment. The petition set up lack of consideration, etc., and the statute of limitations and averred that petitioner did not know

until about or during the month of October, 1891, that judgment had been entered on the note.

The following opinion was filed by NOYES, P. J. :

" All the averments affecting the original validity of the note and warrant upon which this judgment is entered are denied in the answer, and are not supported by any proof. They are, therefore, entitled to no consideration. The application rests upon the naked allegation that the note was more than six years past due when judgment was entered, and that it was not under seal.

" There was a time when the plea of the statute of limitations was regarded with so much disfavor that the courts refused to open judgments to allow this defence to be made. But the attitude of courts towards this defence has materially changed ; the considerations which induced the legislature to pass the law have induced the courts to enforce it as a measure beneficial to the community, tending to quiet disputes, and on the whole to the promotion of justice, though in individual cases it may be apparently otherwise. Courts of equity are bound by the statute as courts of law, and enforce its provisions in the same spirit. Both at law and in equity the defence may be waived, and will be considered as waived unless set up in the pleadings, before judgment.

" It cannot be doubted that the statute of limitations would have been a good defence in the action in which this judgment was entered, and there is nothing in the statute itself by which the defendant may be deprived of its benefit. If it is lost it is by reason of the implied waiver arising from the fact that it was not interposed before judgment. But in this case the defendant has never had a day in court, nor any opportunity to set up his defence. The judgment was confessed upon a warrant of attorney simultaneous with the bringing of the suit, and this application was promptly made when notice of this was brought to the defendant. Notwithstanding the dictum of so able a jurist as Mr. Justice MITCHELL, in Woods v. Irwin, 141 Pa. 295, we are of opinion that where a defendant in a judgment confessed, who has had no day in court, promptly applies to have the judgment opened on the ground that the debt was barred by the statute before the judgment was entered, he should be given an opportunity to set it up, even although no other ground

of defence be shown. It may be a dishonest defence, morally speaking, but neither courts of law nor equity are privileged to apply any other ethical standard than those established by law. There is no moral reason why a court should refuse to open a judgment in such a case as the present, which would not apply to any other case where the statute of limitations is relied upon, alone and unsupported by other defence.

" The rule to show cause why the judgment should not be opened is made absolute. Proceedings stayed in the meantime. An issue is awarded in which the judgment note shall stand for a declaration and the defendant shall plead the statute of limitations and no other plea within ten days. The plaintiff on the trial to be at liberty to show any matter in bar of the running of the statute, subject to the usual rules as to notice of special matter."

*Error assigned* was opening judgment.

*Samuel T. Neill,* for appellant.—The power of attorney in the note was not revoked when the judgment was entered. It need not be under seal: Cook v. Gilbert, 8 S. & R. 566 ; Kneedler's Ap., 92 Pa. 428. It is not revoked by marriage of a femme sole: Eneu v. Clark, 2 Pa. 234 ; Baker v. Lukens, 35 Pa. 146. Nor by death of one of the debtors: Croasdell v. Tallant, 3 W. N. 375.

The question has not yet been decided here: Woods v. Irwin, 141 Pa. 295.

The note in this case does not come within the terms of the statute of limitations of 1713: Marginal note to 1 Sm. L. 76 ; Act of Feb. 24, 1806, 4 Sm. L. 278 ; R. R. v. Burson, 61 Pa. 369 ; Hannum v. West Chester, 63 Pa. 479.

Equity should not interpose in favor of one who has neglected to ask relief for over ten years: Everhart's Ap., 106 Pa. 349 ; Cook v. Bee, 2 Tenn. Ch. 344.

*W. M. Lindsey, J. O. Parmlee* with him, for appellee.—In Pennsylvania it is the right of a defendant in a judgment confessed against him by virtue of a warrant of attorney to have it opened when he promptly applies and shows a legal or equitable defence, which existed at the time and before it was entered: Wise's Ap., 99 Pa. 193.

We do not find that this court has ever, since the case of Ekel v. Snevily, 1 W. & S. 203, reversed the court below for granting a similar request: Herman v. Rinker, 106 Pa. 121; Sossong v. Rosar, 112 Pa. 197; Ellinger's Ap., 114 Pa. 505; Chandler v. Bennett, 3 Pa. C. C. R. 155.

OPINION BY MR. JUSTICE GREEN, July 12, 1894:

There is no question at issue here except the right of the court below to open the judgment. There was no trial on the merits after the rule to open was made absolute, and it is certainly a serious question whether an appeal can be taken at this stage of the proceedings, there being no final judgment. This question is not raised however by a motion to quash or in any other manner. It is not possible to consider now the other subjects which are discussed in the paper-books, as there is nothing to bring them on the record. The question whether the court of common pleas may open a judgment which has been entered upon an obligation not under seal after the expiration of six years from its maturity, is res adjudicata. It was positively decided in several of our modern cases, and had been substantially determined many years prior to either of them: Herman v. Rinker, 106 Pa. 121; Sossong v. Rosar, 112 Pa. 197; Ellinger's Appeal, 114 Pa. 505.

In the present case the defendant's obligation was an ordinary promissory note dated November 10, 1873, payable at one day after date, with an authority to any attorney to confess judgment for the amount of the note. It was not under seal. There was no judgment entered on the note until June 2, 1881, more than seven years after its maturity. Other matters of defence were alleged in the defendant's petition, but the court, in the order opening the judgment and granting an issue, prohibited any other plea than the statute of limitations, and thereupon the plaintiff took the present appeal without going to trial.

In Herman v. Rinker, supra, we held that it is within the discretion of the courts of common pleas to open a confessed judgment entered upon a judgment note, not under seal, for the purpose of permitting the statute of limitations to be pleaded thereto.

In Sossong v. Rosar, a judgment was entered upon a judg-

ment note not under seal, without terms being imposed by the court below. We held not only that the judgment might be opened, but that, on the trial, any defence could be made which could have been made if the action had been brought upon the original instrument, without the power of attorney to confess judgment. We recognized the propriety of the ruling in Herman v. Rinker, that a judgment by confession might be opened for the very purpose of letting in the plea of the statute of limitations, and said: "We held it was a matter in the discretion of the court below in any event, and we could see no error in opening the judgment. A very sufficient reason lies in the fact that the defendant has had no hearing. When judgment is entered by confession, and, if upon the face of the obligation containing the authority to enter judgment it appears that the statute was a bar to the debt when the judgment was entered, it follows that the defendant has had no opportunity to present a perfectly lawful and proper defence."

That is this case precisely. On the face of the judgment note it appears that the judgment was entered at a time when the statute was a bar to the debt. That being so it follows that the defendant has had no day in court when he might plead the bar of the statute. He is therefore entitled to be heard on that subject.

In Ellinger's App., we held that it is a good cause for opening a judgment and letting a defendant into a defence, that at the time of the entry of the judgment on a judgment note, it was prima facie barred by the statute of limitations.

The foregoing cases completely cover the present contention. The appellant seems to think that Woods v. Irwin, 141 Pa. 278, is in conflict with these decisions, but that is an entire mistake. There is nothing in that case that interferes in the least with the matters decided in the cases cited.

The order made by the court below is affirmed and the appeal dismissed at the cost of the appellant.

MR. CHIEF JUSTICE STERRETT and MR. JUSTICE MITCHELL dissent.