## In re GERRY.

(District Court, E. D. Pennsylvania. January 13, 1902.)

### No. 672.

SALE SUBJECT TO INCUMBRANCES—LIENS FOR MUNICIPAL CLAIMS.

Liens for municipal claims and taxes are "incumbrances," within a sale of bankrupt's property "under and subject to the incumbrances, respectively, hereinbefore mentioned"; the petition for sale, after referring to mortgages and ground rents, stating, "There are also unpaid taxes and water rents * * * on said properties * * * some of the above-mentioned properties are further subject to municipal claims."

In Bankruptcy. Certificate of referee disallowing claim of Christopher Fallon.

John Dickey, for trustee.
Edmund Jones, for claimant Christopher Fallon.

J. B. McPHERSON, District Judge. Under an order granted by the learned referee, the entire estate of the bankrupt, real and personal, was sold to Christopher Fallon at private sale for the lump sum of $27,500. The real estate comprised 12 lots of ground, upon which were the liens of mortgages, ground rents, municipal claims, and taxes; and the order of the referee expressly specified that the purchaser should take the property "under and subject to the incumbrances, respectively, hereinbefore mentioned." Having been obliged to pay some of the liens for municipal claims and taxes, the purchaser now insists that the bankrupt's estate should repay this sum; putting the claim upon the ground that the "incumbrances" to which the order of sale applied were simply mortgages and ground rents, and did not include liens for municipal claims or for taxes. This contention is based upon the language of the trustee's petition asking for the order of sale, but I agree with the learned referee that the language does not properly bear such a construction. It is true that some of the incumbrances specified in the petition are mortgages and ground rents, but after re-

ferring to these the trustee at once proceeds to add "that there are also unpaid taxes and water rents for a year or more on said properties, * * * [and] that some of the above-mentioned properties are further subject to municipal claims"; and the order of sale thereupon authorizes a deed of the realty to be made "under and subject to the incumbrances, respectively, herein-before mentioned." The deed made in pursuance of this order conveys the property "under and subject to the several incumbrances on said properties above described, but with no personal liability on the part of the said Christopher Fallon, directly or by implication, for the payment of the same to the holders of the said incumbrances." There is nothing, I think, in the petition, the order, or the deed,—certainly there is, at the best, too little,—to show that the distinction now sought to be drawn by the purchaser between "incumbrances" and liens was intended to be drawn; and, of course, unless it appear clearly that the word "incumbrance" is used in a restricted sense, its ordinary meaning should prevail. This meaning includes a lien for a municipal claim or for a tax. To use the language of the supreme court of Pennsylvania in Batley v. Foerderer, 162 Pa. 466, 29 Atl. 870:

"An incumbrance has been correctly defined to be 'every right to or interest in the land which may subsist in third persons to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance.' Rawle, Cov. § 25. It has also been defined as 'a burden on land depreciative of its value, such as a lien, easement, or servitude, which, though adverse to the interest of the landholder, does not conflict with his conveyance of the land in fee.' 10 Am. & Eng. Enc. Law, 361, and cases there cited."

If, therefore, as I think, the purchaser agreed to take the land subject to all the liens, he should be held to his contract. Section 64 of the bankrupt act, making it the duty of the trustee to pay all taxes legally due and owing by the bankrupt, did not prevent the purchaser, as between himself and the trustee, from taking this duty upon his own shoulders. Neither, in view of his agreement to pay the liens, is he in any position to insist that the liens were discharged by the sale, and could have been claimed by the lienholders out of the fund. This may or may not be correct. In the present controversy between the purchaser and the trustee, what concerns the court is their contract; and, having determined that the purchaser agreed to pay these liens, he cannot escape the obligation of his contract by urging that the lienholders might have insisted, but did not insist, upon payment out of the fund. Even if they had successfully insisted upon such payment, he might, under his contract, have been liable to make good the sum to the trustee.

The learned referee was right in disallowing the claim.