HOPKINS v. SOUTHERN AMERICAN SODA STORES, INC.

---

(November 29, 1926. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Landlord and Tenant—Par. 111; Insurance—Par. 27, 53.**

The lessor's privilege upon the contents of the leased premises is superior to the claim of a fire insurance company for premiums due on a policy taken out by a receiver on the same contents.

Appeal from Civil District Court. Hon. Wm. H. Byrnes, Judge.

Action by S. T. Hopkins against Southern American Soda Stores, Inc.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

E. M. Stafford, H. W. Robinson, J. W. Woodville, of New Orleans, attorneys for plaintiff, appellee.

D. H. Theard, Weiss Yarrut and Stich, M. H. Manion, St. Clair Adams, F. P. Burns, Feitel & Feitel, F. S. Norman, J. C. Davey, W. E. Adolph, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This case presents a conflict of privileges between two creditors.

The plaintiff was appointed receiver of the defendant corporation.

In that capacity he insured against loss by fire with Michel Bros. the movable property under his charge contained in the stores corner of Dauphine and Iberville streets, leased from the Mercier Realty and Investment Co., in which the defendant carried on its business.

The receiver filed an account upon which he did not place Michel Bros. for any premiums, and by which he proposed to pay to the Mercier Realty and Investment Co., as lessor, the balance remaining in his hands after payment of the items on his account.

To this account Michel Bros. filed an opposition (89) claiming "a balance of $257 for premiums due; that this is a charge incurred by the receiver in preservation of the property, and entitles opponents to a lien and privilege on the proceeds of its sale first in rank to any and all other liens".

There was judgment (94) maintaining the opposition of Michel Bros. and ordering the payment to them of $257 "by preference and priority over all other creditors", and the balance to the Mercier Company. From this judgment the Mercier Company has appealed. (95.)

There is no law which makes it the duty of executors or receivers to insure property

in their charge. In the Succession of Whitehead, 3 · La. Ann. 396, the court said:

"The succession is debited with an amount paid for premiums of insurance by the administrator during the years of his administration, and this item is also opposed. We think .that it was properly allowed. If the administrator, in the exercise of a sound discretion, deemed this precaution necessary for the security of the property under his administration, it was his duty to cause it to be insured, and the charges for that purpose must be borne by the succession."

In Succession of Sparrow, 40 La. Ann. 484, 4 South. 513, the court said on p. 491:

"The credit claimed for insurance on the gin house was of a like character as those for necessary repairs (for ·the preservation of the plantation buildings and machinery), but the judge rejected this charge; the succession should pay it."

See also Benton vs. Roberts, 2 R. 103.

But the opponent argues that this claim is entitled to be ranked among the "law charges" under Articles C. C. 3191 and 3197 of the Civil Code. He seems to be supported in this contention by the case of Teutonia Bank vs. Security Brewing Co., 137 La. 1046, 69 South. 833.

. But assuming that premiums of insurance taken by the receiver should be classed as "law charges", and as such entitled to the privilege of that class of claims, have "law charges" a preference over the lessor's privilege? Art. 3258 (3225) C. C.: "But the lessor has a preference on the price of these movables over all the other privileged debts of the deceased, such as expenses of last illness and others which have a general privilege on the movables."

"Law charges" are classed as "General Privileges on Movables" in Ch. 3, Sec. 1, C. C. 3191 (3158).

In the case of Gauetson vs. His Creditors, 1 R. 445, the court discussed the rank of the lessor's privilege and said:

"Article 3225 enacts that the lessor has a preference on the price of these movables over all the other privileged debts of the deceased such as expenses of the last illness, and others which have a general privilege on the movables. The debts having this "general privilege on the movables" are enumerated in Article 3158 and among them are the "law charges". This decision was affirmed in Hoey vs. Hews, 3 La. Ann. 705; Victor Montilly vs. His Creditors, 2 R. 350; Succession of Derime, 4 R. 367; 8 Orl. App. 205.

It is therefore ordered that the judgment appealed from be reversed and set aside, and it is now ordered that the opposition of Michel Bros. be dismissed at their cost.