JOHNSON v. INGLIS.

No. 30331.   Feb. 17, 1942.

Rehearing Denied March 17, 1942.

123 P. 2d 272.

B. M. Parmenter, of Oklahoma City, for plaintiff in error.

John W. Hayson, of Oklahoma City, for defendant in error.

PER CURIAM. This is a proceeding brought to review an order vacating a default judgment. On the 24th day of October, 1931, the plaintiff, Josephine S. Johnson, appearing herein as plaintiff in error, filed her action against the defendant, Laurens H. Inglis, appearing herein as defendant in error, alleging her citizenship and residence in Oklahoma City, Okla.; that she resided in apartment C at the corner of Thirteenth and Dewey streets in said city; that she lived with her husband and minor daughter; that she was employed as a saleslady in selling stocks and securities; that on the 16th day of October, 1931, the defendant maliciously spoke and published of and concerning plaintiff certain slanderous, false, malicious, and defamatory words, to wit, that defendant reported to certain police officers in Oklahoma City and especially one A. Snook, a member of the so-called raiding squad of the police department of Oklahoma City, that the home of said plaintiff was being used as a place of public resort for the purpose of offering for sale and selling intoxicating liquors; that plaintiff was engaged in the sale illegally of intoxicating liquors. Damages were prayed for in the first cause of action in the sum of $495, and in the second cause of action for punitive damages she sought to recover $2,500.

On the 18th day of November, 1931, the defendant by his attorneys, E. E. Blake and J. S. Estes, filed a motion to make more definite and certain and a motion to strike, all in one instrument. On the 26th day of February, 1932, E. E. Blake and J. S. Estes filed their withdrawal as attorneys for the defendant.

On the 6th day of May, 1932, there was filed in the office of the court clerk the following journal entry of judgment:

"On this 30th day of April, 1932, same being one of the regular court days of the January, 1932, term of said court, the above-entitled cause came on for trial in its regular order, on the assignment pursuant to previous setting, the plaintiff appearing in person and by her attorney, Geo. M. Callihan, the defendant appearing not, though three times called in open court to except, or otherwise plead, and the court upon examination of the files and records in said cause, finds that the defendant herein was duly and personally served with summons in said cause on the 29th day of October, 1931; that on the 18th day of November, 1931, defendant filed his motion to require plaintiff to make her petition more definite and certain and to strike parts of same, which motion was by this court overruled on the 7th day of April, 1932, and defendant given ten days thereafter in which to plead, and that thereafter, and on the 19th day of April, 1932, defendant having filed no answer or other pleading, was by the court adjudged in default, and an order made setting this case for trial on the 30th day of April, 1932, and same placed on the trial docket, and that notice of said setting was duly published.

"And thereupon, plaintiff announcing ready for trial and waiving, in open court, trial by jury, and consenting that the case be heard by this court without the intervention of a jury, the court thereupon proceeds to hear the evidence of the witnesses sworn and examined in open court, and the argument of counsel. And the court being fully advised, on consideration of the evidence so introduced, finds that the plaintiff has sustained the allegations of her petition; and that defendant, as alleged in plaintiff's petition, spoke and published of and concerning plaintiff slanderous, false, malicious, and defamatory words as alleged, and that the said words so spoken by said defendant, and the report so made by said defendant of and concerning this plaintiff were utterly false, malicious, and slanderous, and that by reason of the said action on the part of said defendant, the speaking and publishing said false, malicious and slanderous words of and concerning plaintiff, she was and is permanently damaged in her good name and reputation and business in the sum of four hundred ninety-five ($495) dollars as alleged in her first cause of action.

"The court further finds from the evidence so introduced on the part of the plaintiff, and from a consideration of the same, that the acts of the said defendant in so speaking and publishing said slanderous, defamatory and false statements of and concerning the plaintiff herein, were malicious and for the purpose of humiliating plaintiff and her said family, and that the defendant well knew at the time that the said statements were false, and that by reason thereof the plaintiff herein is entitled to punitive damages in the sum of two thousand five hundred dollars, on her second cause of action.

"It is, therefore, ordered, adjudged, and decreed by the court, that the said plaintiff, Josephine S. Johnson, have and recover of the said defendant, Laurens H. Inglis, the sum of two thousand nine hundred ninety-five ($2,995) dollars, with interest thereon at 6 per cent per annum from the 30th day of April, 1932, and for the costs of this action, for all of which let execution issue."

On the 29th day of January, 1941, the defendant by his attorney, John W. Hayson, filed a motion to vacate the judgment filed on May 6, 1932, on the ground that it was void because the petition failed to state a cause of action. On the 5th day of March, 1941, the trial court entered its order vacating said judgment on the ground that it was void.

The sole question presented is the error in setting aside the judgment under section 563, O. S. 1931, 12 Okla. St. Ann. § 1038, on the ground that it is void. We are of the opinion, and hold, that the court erred as a matter of law in vacating said judgment because it was void. Bailey v. Dodge, 28 Kan. 72; Warden v. Whalen, 8 Pa. Co. Ct. 660, and cases cited therein; Worthington v. Scribner, 109 Mass. 487; Shock v. McChesney (Pa.) 4 Yeates, 507, 2 Am. Dec. 415; Hubbard v. Cowling, 36 Okla. 603, 129 P. 714; Beshiers v. Allen, 46 Okla. 331, 148 P. 141; German American Ins. Co. v. Huntley, 62 Okla. 39, 161

P. 815. The communication made by the defendant to the police officers does not come within the rule of absolute privilege, but if privileged, was qualifiedly so. German American Ins. Co. v. Huntley, supra. In Bailey v. Dodge, supra, in a fact situation somewhat similar to the case at bar, the Supreme Court of Kansas, in considering an appeal from a judgment in slander, stated that the judgment was not void but that the petition, although somewhat irregular, stated a cause of action. The Pennsylvania court, in Warden v. Whalen, supra, pointed out that the question of privilege is a defense, and that by the introduction of evidence showing the communication of the false statement to the officers the plaintiff establishes a case; that it becomes the duty of the defendant then to show privilege, and cites a number of cases in support thereof. After privilege is shown, the burden rests on the plaintiff to show express malice. Hubbard v. Cowling, supra. To the same effect in a like discussion is Worthington v. Scribner, supra.

Our own court has discussed the question of privileged communication in a somewhat similar circumstance. In Beshiers v. Allen, supra, a bank had been robbed, and plaintiff, alleging that he had been falsely accused, brought his action in slander. The court in discussing the question states the rule as follows:

"Words actionable in themselves, because they charge the plaintiff with having committed a felony, spoken to a sheriff while engaged in hunting for the culprits actually guilty of the felony, are qualifiedly privileged if they are spoken in good faith, with an honest belief that they are true, with the sole intent of aiding justice, and with no motive or intent to injure the person spoken of."

In Newell on Slander and Libel (3d Ed.) § 499, p. 480, cited in Beshiers v. Allen, supra, it is said:

"The theory of privilege in connection with the law of defamation involves a variety of conditions of some nicety, and also a doctrine not always of easy application to a set of facts; and such being the same in any trial, whether civil or criminal, while the question of libel or not libel, malice or no malice, are matter of fact for jury, the question of privilege or no privilege where the circumstances under which the communication was made are not disputed is entirely one of law for the judge, but, where such circumstances are in doubt, the jury must find what they were or what the defendant thought they were."

And in the body of the opinion the court in defining qualified privilege stated:

"The communication made to the sheriff under the facts of this case is a qualified privilege, that is, it is a privilege which exists only if the defendant made it in good faith, with an honest belief that it was true, and with the sole intent to aid justice, and with no malice toward the plaintiff, or intent to injure him."

The remaining cases in this jurisdiction do not change the rule, and defendant cites no cases from this jurisdiction suggesting that the rule is different.

It follows, therefore, that it was the duty of the defendant to plead and prove that the communication made to the police officers in the case at bar was qualifiedly privileged. When his motion to make more definite and certain and to strike was stricken, the defendant stood in default. The judgment was not void and shows on its face that it was valid.

The cause is reversed and remanded, with directions to the trial court to vacate and set aside its order vacating the judgment of April 30, 1932, and to reinstate said judgment.

Reversed and remanded, with directions.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and GIBSON, J., absent.