Noble MAGNESS, Plaintiff in Error,

v.

O. W. PLEDGER et al., Defendants in Error.

No. 37995.

Supreme Court of Oklahoma.

Jan. 6, 1959.

Joe K. Page, Poteau, for plaintiff in error.

William D. Mobley, Poteau, for defendants in error.

CARLILE, Justice.

This action to recover damages for libel was filed in the District Court of LeFlore County against O. W. Pledger and others, who filed a joint general demurrer to plaintiff's petition. The demurrer was sustained by the trial court on the ground that the libelous matter alleged came within the rule of absolute privilege under the law of Oklahoma. Plaintiff excepted to the ruling of the court, declined to plead further and his case was dismissed. Plaintiff gave notice of appeal upon transcript of the record. We shall refer to the parties as they appeared in the trial court.

Plaintiff attached to his petition as Exhibit A a copy of the alleged libelous matter said to have been maliciously composed, signed, circulated and published by them and which plaintiff alleged to be false, unprivileged and libelous per se and by the publication of which plaintiff was exposed to public hatred, contempt and ridicule, and deprived him of public confidence and injured him in his reputation and business in the amount of $300,000.

Exhibit A referred to is as follows:

"Petition to the Attorney General

"The undersigned residents of the vicinity of Hodgens, Oklahoma, located in LeFlore County, Oklahoma, respectfully call your attention to the fact that we are unable to get any cooperation from our County Attorney, Mr. Joe K. Page, in the matter of pros-

ecuting Mr. Noble Magness, who is guilty of embezzlement. The said Mr. Magness, while acting as a local agent of one Mike Theodore, who was formerly a non-resident property owner in this area of LeFlore County, Oklahoma, mishandled and misappropriated funds of Mr. Theodore in the amount of several thousands of dollars. Mr. Magness has never made a proper accounting to Mr. Theodore. Mr. Theodore is now a resident of this area of Oklahoma and is making us a good citizen and neighbor. We hate to see a man come in here from the North and try to help develop our state and have him meet with such a misfortune and then to have our elected officials ignore his efforts to protect his interest.

"With due respect, we most urgently request you to look into this matter and take whatever steps you deem necessary to cause justice to prevail. It is our opinion that you should send a member of your staff down here and work this thing out."

The above exhibit was signed by all of the forty-three defendants who were served with summons except four who were not found in LeFlore County. 12 O. S.1951 § 1441 defines libel as follows:

"Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation * * *."

The petition to the Attorney General charges the plaintiff with being guilty of embezzlement, a felony, and is clearly libelous per se unless it is privileged or proven true. Hargrove v. Oklahoma Press Pub. Co., 130 Okl. 76, 265 P. 635, 636 holds:

"A publication is actionable per se when the language used therein is susceptible of but one meaning, and that an opprobrious one, and the publication on its face shows that the deroga-

tory statements, taken as a whole, refer to the plaintiff, and not to some other person."

Plaintiff contends and defendants concede and we agree that this appeal depends upon the following question: If plaintiff's Exhibit A attached and made a part of his petition falls within the rule of absolute privilege then the demurrer to plaintiff's petition was properly sustained. If the alleged libelous matter was not absolute privileged then the lower court erred as a matter of law in sustaining the demurrer.

It is claimed by plaintiff that Exhibit A in plaintiff's petition containing the alleged libelous matter does not fall within the rule of absolute privilege in this state. 12 O.S. 1951 § 1443, defines a privileged publication or communication as follows:

"A privileged publication or communication is one made:

"First. In any legislative or judicial proceeding or any other proceeding authorized by law;

"Second. In the proper discharge of an official duty;

"Third. By a fair and true report of any legislative or judicial or other proceeding authorized by law, * * *. No publication which, under this section, would be privileged, shall be punishable as libel."

It is apparent that the petition to the Attorney General does not come within the Second or Third paragraphs of the statute nor can it properly be called a legislative proceeding under the First paragraph and, therefore, in order for it to be a privileged publication or communication it must be one made in a judicial proceeding or other proceeding authorized by law as stated in the First paragraph of the statute. The defendants in their brief contend that the petition to the Attorney General was an initial step in a commencement of a judicial proceeding and was thus privileged under the statute. We do not agree with defendants' contention. The Attorney General's office is a branch of the Executive Department of the State government and is not a

legislative or judicial branch of the government. Such petition being without legal force or effect, it cannot be properly called a step in a judicial or other proceeding authorized by law.

■ Defendants, in support of their position, call attention to 74 O.S.1951 § 18, which states:

"The Attorney General shall be the Chief Law Officer of the State."

Section 18b of the same title defines the general duties and powers of the Attorney General as the chief law officer of the state but none of them requires or authorizes the Attorney General to investigate and take necessary steps "to cause justice to be done" pursuant to a petition by a private citizen or citizens requesting such action.

■ Attention is also called to 74 O.S. 1951 § 18f which states that the Attorney General shall have authority to conduct investigations and makes it the duty of certain departments to assist him when so directed by the Governor. Such authority to conduct investigations is not unlimited and does not extend to matters beyond the powers, authority and duties conferred upon the Attorney General.

The defendants cite and rely on three out-of-state decisions which we have considered and find inapplicable here by reason of a different fact situation. The plaintiff relies on the opinion in the case of Johnson v. Inglis, 190 Okl. 316, 123 P.2d 272, 140 A.L.R. 1463, which holds:

"A petition alleging that defendant made certain slanderous statements about plaintiff to a police officer, and seeking damage therefor, states a cause of action, the defendant's defense of privilege being a defense depending upon the evidence. Statements made by a citizen to an officer of the law imputing involvement of a person in a crime is only qualifiedly privileged."

That opinion quotes with approval from the opinion in Beshiers v. Allen, 46 Okl. 331, 148 P. 141, L.R.A.1915E, 413 as follows:

"Words actionable in themselves, because they charge the plaintiff with having committed a felony, spoken to a sheriff while engaged in hunting for the culprits actually guilty of the felony, are qualifiedly privileged if they are spoken in good faith, with an honest belief that they are true, and with the sole intent of aiding justice, and with no motive or intent to injure the person spoken of."

■ Where a libelous statement is made to the Attorney General as in the case at bar, such statement is not a privileged publication or communication and it is error for the court to sustain a demurrer to plaintiff's petition to recover damages for the libel and dismiss his action on the ground that the statement is privileged.

We conclude and hold that the libelous statement alleged to have been made against the plaintiff by the defendants is not a privileged publication or communication and the action of the trial court sustaining a demurrer to plaintiff's petition and dismissing the action is error.

Judgment of the District Court is reversed and cause remanded with directions to vacate the order dismissing plaintiff's action and to overrule the demurrer to the petition and proceed in accordance with the views expressed herein.

Reversed.

WELCH, C. J., and DAVISON, JOHNSON, BLACKBIRD and WILLIAMS, JJ., concur.

JACKSON J., concurs in result.

CORN, V. C. J., and HALLEY, J., dissent.