Tom PRESSON and Martha Presson, Century Ice of Oklahoma City, Inc., and Century Ice of Ardmore, Inc., Appellants,

v.

BILL BECKMAN CO., INC., d/b/a The Beckman Company, and William E. Beckman, Appellees.

No. 84781.

Court of Appeals of Oklahoma, Division No. 3.

March 7, 1995.

As Corrected March 17, 1995.

Certiorari Denied June 2, 1995.

D.D. Hayes, Muskogee, for appellants.

Reuben Davis, Tulsa, A. Carl Robinson, and Gerald R. Miller, Muskogee, for appellees.

## OPINION

HUNTER, Judge:

Appellants sued Appellees for defamation, alleging that Appellee William E. Beckman sent a copy of a letter, addressed to Appellants' lawyer, to the Internal Revenue Service (IRS). The letter contained an allegation that Appellants had possibly committed tax fraud by "knowingly not recognizing the note writedown ... as income."

Appellees moved for summary judgment in their favor on the ground that the communication was absolutely privileged [1] and therefor constituted an absolute defense to a defamation claim. The trial court granted summary judgment in favor of Appellees.

We find that the IRS is an agency with quasi-judicial powers. Because the communication was a preliminary step to a possible quasi-judicial proceeding, it was reasonably related to the agency's quasi-judicial powers. Consequently, the absolute privilege attaches. See *Hatcher v. Sumpter,* 825 P.2d 638, 639–40 (Okl.App.1992). Information sent to regulatory agencies designed to prompt enforcement are considered part of

---

1. 12 O.S.1991 § 1443. 1, in pertinent part: A. A privileged publication or communication is one made:

First. In any legislative or judicial proceeding or any other proceeding authorized by law;

B. No publication which under this section would be privileged shall be punishable as libel.

the official proceeding and enjoy the protection of absolute immunity to defamation actions. *Parrillo, Weiss & Moss v. Cashion*, 181 Ill.App.3d 920, 130 Ill.Dec. 522, 527, 537 N.E.2d 851, 856 (1989) (letter to Department of Insurance); *Tiedemann v. Superior Court of Alameda*, 83 Cal.App.3d 918, 148 Cal.Rptr. 242, 248 (1978) (letter to Internal Revenue Service).

In contrast, in *Magness v. Pledger*, 334 P.2d 792 (Okl.1959), Pledger and others filed a petition with the Attorney General of the State of Oklahoma. Magness sued to recover damages for the alleged libelous material about him in the petition. Pledger defended claiming that the communication was absolutely privileged pursuant to 12 O.S.1951 § 1443 (First) as one made in "any legislative or judicial proceeding or any other proceeding authorized by law." Because the Attorney General's office is part of the executive branch of government, the communication would be absolutely privileged only if it were part of "any other proceeding authorized by law." The *Magness* court, at 795, stated that the Attorney General's authority to "conduct investigations is not unlimited and does not extend to matters beyond the powers, authorities and duties conferred upon the Attorney General." Because it was a petition filed in the executive, rather than legislative or judicial branch, it had no legal force or effect and "could not be properly called a step in a judicial or other proceeding authorized by law." *Magness* at 795. The *Magness* found that the trial court should not have sustained a demurrer to the evidence because a libelous statement to the Attorney General was not privileged.

■ The appellate court may substitute its analysis of the record for that of the trial court when the evidence has been presented to the trial court in documentary form. *Loffland Brothers Co. v. Overstreet*, 758 P.2d 813, 817 (Okl.1988). We will affirm a grant of summary judgment when the evidence fails to disclose a substantial controversy as to any material fact and a party is entitled to judgment as a matter of law. 12 O.S.1991 Ch. 2, App. 1, Rule 13. In this case, upon uncontroverted facts, the court's inquiry is whether "the alleged defamatory statements

and the circumstances of publication were relevant or had some relation to a proposed proceeding, as opposed to whether the statement is true or false." *Kirschstein v. Haynes*, 788 P.2d 941, 951 (Okl.1990).

For the forgoing reasons, we affirm the grant of summary judgment in favor of Appellees.

AFFIRMED.

ADAMS, J., concurs.

GARRETT, C.J., concurs in result.