# Hill *versus* Johnston & Parker.

Where the real estate of a debtor is seized and sold, under a judgment obtained on a mortgage given for the balance of purchase-money of such real estate, and before the sale the debtor notifies the sheriff that he claims the benefit of the Exemption Law of 1849, and desires to have an appraisement made, such debtor is entitled to the balance of the proceeds after the payment of the mortgage debt and costs, it being less than $300, in preference to judgments obtained for debts contracted since the 4th July, 1849.

The sheriff, under a writ of *levari facias*, has no power or authority to hold the appraisement directed by the Act of 9th April, 1849.

But the want of an appraisement, in such cases, will not debar the debtor from claiming the benefit of the exemption out of the proceeds of the sale, as against judgments and liens subject to its provisions.

The omission of the legislature to point out the *form* in which the claim for exemption shall be made, where the sale is upon a mortgage, does not annihilate the *right* conferred by the act.

APPEAL from the decree of the Common Pleas of *Indiana county.*

On the 2d day of April, 1850, Robert Johnston conveyed to James Hill a tract of land situate in Indiana county, for the consideration of $500 : of this sum $100 was paid at the delivery of the deed ; and to secure the payment of the remaining $400, Hill executed to Johnston a mortgage on the premises. A writ of *sci. fa.* was issued by Johnston on this mortgage, to No. 3, September Term, 1856, and on the 24th of September, 1856, judgment obtained for the face of the mortgage. Upon this judgment a writ of *levari facias* was issued to No. 11, December Term, 1856, and on the 5th December, 1856, the mortgaged premises sold ; which sale was set aside on the ground that there was no notice of the sale fixed upon the premises. *Alias lev. fa.* to March Term, 1857, No. 28, was issued, the property advertised on the 14th February, and sold on the 13th of March, 1857. On the 21st February, 1857, a notice was served by James Hill, the defendant, on the sheriff, that he claimed the benefit of the $300 exemption law. No appraisers were appointed by the sheriff, but the property was sold for the sum of $705, and that money brought into court for distribution. The auditor, appointed by the court to make this distribution, applied $616.52 of the money to the judgment obtained upon the mortgage, and the balance,

(a) This case was decided at Oct. Term 1856, and mislaid.

[Hill *v.* Johnston & Parker.]

after payment of costs, to judgments No. 198, December Term, 1854; Alexander Johnston *v.* James Hill, and No. 262, December Term, 1854; A. B. Davis, for use of William Parker *v.* James Hill. The debts for which these two judgments were entered was contracted after the passage of the $300 exemption law.

Upon exceptions filed on behalf of Hill, the court below confirmed the report of the auditor, and from this decree James Hill the debtor appealed to this court, and assigned for error that the court below erred in refusing to award to him the balance of the fund after payment of the mortgage debt and costs.

*W. A. Todd,* for appellant.

*Wm. M. Stewart,* for appellees.

The opinion of the court was delivered by

ARMSTRONG, J.—The Act of the 9th April, 1849, by which property to the value of $300, owned by or in possession of any debtor, shall be exempt from levy and sale on execution, or by distress for rent, was passed not only for the benefit of the debtor himself, but for his family. It should therefore receive a construction favourable to the benevolent object of its enactment.

Its benefits cannot be lost, except by the omission of the party entitled, to make his or her claim in due time, and in a proper manner, or by some act inconsistent with a *bona fide* claim; or where, by provision of law, the claim cannot be allowed. A debtor cannot assign his right under this law to another. He cannot waive it in favour of a subsequent creditor, nor can he, where he has authorized real estate, purchased with his means, to pass by deed to his wife, with intent to defraud his creditors, put in his claim on a distribution of the proceeds of its sale. But in the case before us the debtor was not estopped by any of the considerations referred to. James Hill, the debtor, on the 2d of April, 1850, purchased of Robert Johnston a tract of land, on which he paid $100, and executed a mortgage on the premises, to secure the remaining payment of $400. The mortgage was duly recorded, and was the oldest lien. Judgment was obtained, and a *levari facias* issued to March Term, 1857. On the 14th of February, 1857, the property was advertised for sale. On the 21st February, 1857, James Hill, the defendant, gave notice to the sheriff that he claimed the benefit of the $300 exemption law, and desired appraisers to be appointed, &c. On the 13th of March, 1857, the property was sold for $705.

Alexander Johnston obtained judgment against James Hill— entered to December Term, 1854, No. 198, which, with interest and costs, amounted to $75.20. At the same term, though later, A. B. Davis, for the use of William Parker, obtained judgment

[Hill *v.* Johnston & Parker.]

against Hill, amounting, debt and interest, to $162.45. It was admitted, the debts for which these two judgments were entered, were contracted subsequent to the time the $300 exemption law came in force. An auditor was appointed to distribute the proceeds of sale, and by his report six hundred and sixteen dollars and fifty-two cents was applied to the discharge of the mortgage debt, and costs of audit, and the balance, $88.48, to the judgments, first of Alexander Johnston, and next to that of Davis, discarding the claim of the debtor under the exemption law. The report was confirmed, and its confirmation is the error assigned. In the 3d section of the Act of 1849, there is *a proviso*, "that this section shall not be construed to affect or impair the lien of bonds, mortgages, or other contracts, for the purchase-money of the real estate of insolvent debtors." This provision most clearly excludes the form of notice and proceeding which would have been necessary, if the real estate had been levied on and sold on execution. A notice to the sheriff to appoint appraisers was unnecessary; he was not bound to regard it, nor had he any power whatever, under the *levari facias* (and he had no other writ), to hold an appraisement, or to have a part set off for the debtor—yet the objection of the judgment-creditors is, that although notice was given, there was no appraisement, and because there was not, and that the sheriff did not do what he had no power to do, and use machinery not adapted to the work, the appellant could claim no part of the funds. If the argument of the appellees is sound, they were better off with a mortgage for purchase-money in their way, than if they were the oldest lien-creditors; for, in the latter case, they would not contend that the appellant might not prefer his claim with success. What merit have the judgment-creditors in claiming that their position is strengthened, because an older and better lien lay in before them? They seem to suppose that, because the legislature has not pointed out the particular manner in which a claim shall be made, when the sale is on a mortgage, the right is gone. But this view cannot be sustained. All that can be said is, that the act omits to point out the manner and form in which the claim in such case should be made. But this omission cannot annihilate the right of the debtor. By the sale the land was turned into money,—the mortgage lien was paid, the surplus is a fund in court. For this the debtor made his claim, which could apply to the fund, and nothing else. It was within seven days after the advertisement. It did not increase the expense of the proceeding, and occasioned no delay of the sale. Of what, then, can the appellees complain? Their judgment was not impaired—their position was not changed. And against them the appellant did only what was proper to secure the benefit of the law to himself and family. Had he done less, the right of the appellees would have been impregnable; but as he

[Hill *v.* Johnston & Parker.]

made all the claim that the law required, under the circumstances, his title to the fund in court is complete.

> The decree of the court below is reversed, and it is ordered and decreed that the fund remaining in court, after paying the debt, interest, and costs on the mortgage, and the costs of auditor, to wit, eighty-eight dollars and forty-eight cents ($88.48), he paid to the appellant, and that appellees pay the costs on the appeal.