Grant.
2g 197
150 50

# Line's Appeal.

1. The privilege of a debtor, under the Exemption Law of 1849, is a personal privilege, which may be waived expressly or by implication; and a debtor waives it when he fails to request an appraisement in due season, and under the execution upon which the levy is made.

2. The privilege given to a debtor by the Act of April 9, 1849, is not an exemption from having his property sold, but a right to obtain an exemption in a designated manner; and he who would secure it, must comply with the statutory conditions.

3. If a defendant would avail himself of the provisions of the exemption law of April 9, 1849, he must make the demand for the appraisement on each particular execution.

APPEAL by Joseph Line from the decree made by the Court of Common Pleas of *Crawford county*, distributing the money arising from the sale, by the sheriff, of the real estate of John Allen and Cornelius Van Liew.

The money in court, for distribution, amounting to $6765, was levied by the sheriff, under authority of an execution, in a case of *Harris, use of Lowry*, v. *Allen, Van Liew et al.* No claim for the benefit of the Exemption Law of 1849, was made in this case. Besides the *fi. fa.* in this case, there were two others in the sheriff's hands, returnable to the same term, one on a judgment, of date prior to Lowry's, for use of Derrickson, the other, of date subsequent, for use of Joseph Line. On both these *fi. fas.*, Van Liew claimed the benefit of the exemption law. No *vend. ex.* was issued in either of these two cases.

The auditor appointed to make distribution of the money in court, by his report, appropriated the same to the payment of liens in their order of priority, and paid all in full, including the one on which sale was made, down to the judgment for the use of Line, before referred to, which was not paid. The residue, after payment of costs, $256.33, was appropriated to C. Van Liew, as the balance of his claim under the exemption laws, ($43.67, had been set apart to him previously out of his personal property.) This report was confirmed by the court, and from its decree this appeal was taken.

*Church*, for appellant.

*Finney & Douglass, contra.*

The opinion of the court was delivered at Philadelphia, January 3, 1859, by

STRONG, J.—It must be confessed, that the Act of Assembly

of April 9, 1849, is obscure and difficult in its interpretation. Though it has been nearly ten years upon the statute book, and has frequently been under review in this court, the difficulties attending its administration are by no means removed. Some things, however, have been settled in regard to it. The debtor's privilege is a personal one, which he may waive either expressly or by implication. He does waive it when he fails to request an appraisement, in due season, and to request it under the warrant by which the levy is made. The statutory privilege not being an exemption itself, but a right to obtain one in a designated manner, if the debtor would secure it, he must comply with the conditions, and one of them is, that the appraisement shall be requested under the execution which is the direct instrument of sale. The exemption is not of the proceeds of sale from application to the payment of the debt, but of the appraised property itself from sale. It was not intended that the debtor should retain money. When land has been levied upon, and by an appraisement it has been determined that it cannot be divided, so as to set apart for the debtor so much thereof as is equal in value to his requirement, the whole may be sold. Then he may receive from the proceeds of sale, an equivalent for that which otherwise would have been exempted from sale. This exceptional case exists only where the land cannot be divided. The mode in which this impossibility is to be ascertained is pointed out in the act. It is by an inquisition under the execution, which is the instrument of sale. It will not suffice that it be made under some other execution, because that is not a compliance with the legislative requisition.

In accordance with these views, was the decision in *Dodson's Appeal*, 1 Ca. 232. There the debtor's land had been levied upon. He claimed the exemption, and an appraisement was made and returned. A *vend. ex.* then issued, but there was no sale under it, and the judgment was assigned. To the next term, the assignee issued an execution upon another judgment, levied upon a part of the land and sold it, without any claim under that execution by the debtor, to the benefit of the exemption law. It was ruled that he was not entitled to any part of the proceeds of sale. The creditor who sold, was the same creditor who owned the judgment under a *fi. fa.*, upon which an appraisement had been made and returned. He had, therefore, notice of the debtor's claim. But it is not a question of notice. Black, J., in delivering the opinion of the court remarked thus: "The appellant suffered the proceedings on which his property was finally sold, to go on from beginning to end, without making any demand for an appraisement. Can he now be permitted to say, that his demand in another case, where no sale took place, is enough, without showing that it was repeated in the present

[Bartle et al. *v.* Saunders.]

case?   We think not.   *   *   *   Even if the same person were plaintiff in both executions, it would not answer; and for this the difference in the two cases would be a decisive reason."

True, there had been an appraisement under Line's execution, but the sale was under a different writ.   Nor does Line claim under his execution, but by force of his judgment.   His lien is superior to that of any execution.   This is a marshalling of the proceeds of a sheriff's sale.   They belong to the appellant, in virtue of the lien of his judgment, unless the debtor has a superior claim.   But he has no claim at all, as has been shown, because he has not followed the plain directions of the Act of Assembly, in requesting an appraisement under the execution process, which finally effected the sale of his property.

The decree of the Court of Common Pleas, awarding to Cornelius Van Liew, $256.33, is reversed, and that sum is ordered to be paid to the appellant.