## Krauter's Appeal.    Krauter's Estate.

*Debtor's exemption—Proceeds of partition sale—Claim—Practice.*

A debtor's claim for exemption out of the proceeds of real estate sold in partition is properly made before the auditor appointed to distribute the proceeds of the sale of the real estate: Hill v. Johnston, 29 Pa. 362.

*Debtor's exemption—Second claim against same judgment—Acts 1849, 1859.*

A debtor who has claimed his exemption from execution, under the Acts of April 9, 1849, and April 8, 1859, and had personal property set apart to him, may again claim his exemption against the same judgment out of the proceeds of the sale of real estate sold under partition proceedings, without showing that the property first set apart had been consumed or destroyed: Hanley v. O'Donald, 30 Pa. 261.

Argued May 18, 1892.   Appeal No. 49, Jan. T., 1892, from decree of O. C. Monroe Co., O. C. Account Book, vol. 6, page 355, sustaining exceptions to report of auditor to distribute proceeds of sale of real estate, under partition proceedings.   Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The facts were found by the auditor, Cicero Gearhart, Esq., in effect, inter alia, as follows.   James G. Powers & Co., the appellees, entered a judgment against Joel B. Krauter, the appellant, which became a lien on land held by him and the other heir of his father, Jacob Krauter, as tenants in common. Nov. 22, 1886, a fi. fa. was issued on said judgment, and goods appraised at $254.05 were set apart to the defendant under his execution.   Aug. 20, 1888, proceedings in partition were begun, on petition of the widow and heirs of Jacob Krauter, which resulted in a sale on April 5, 1890.   Before the auditor to distribute the funds, appellees claimed appellant's share, which was less than $300, but the auditor awarded it to appellant, as heir.

Exceptions were filed by appellees, alleging, inter alia, that the auditor erred, (1) in awarding the share to appellant, and (2) in not awarding it to appellees.

The court sustained exceptions, in part, allowing appellant $45.95, balance of exemption, in an opinion by DREHER, P. J.

*Errors assigned* were, inter alia, (1, 2) sustaining exceptions, quoting them.

*Henry J. Kotz*, for appellant.—If the fi. fa. had been followed by a vend. ex., appellant would have been entitled only to the balance of the $300. Where an alias fi. fa. is issued and the land levied on, defendant can claim his full $300, unless plaintiff can show that defendant has the same property and its value, with right of rebuttal on defendant. The burden would be on plaintiff. It may be that plaintiff would have to issue a pluries fi. fa. against the personal property in case the claim was made out of the land.

As to power of defendant to sell exempted property, See Chrisman v. Roberts, 68 Pa. 308.

*Charles B. Staples*, for appellees.—If appellant's contention as to vend. ex. is correct, why should it be changed in any future claim? How was he prejudiced by delay? It was his duty, and especially within his power, to tell what property he had. He is virtually asking for two claims for exemption. This he cannot do without showing that the property first set apart is gone.

OPINION BY MR. JUSTICE HEYDRICK, July 13, 1892.

The fund in controversy is less than three hundred dollars. It arose in the partition of real estate of which Joel B. Krauter was one of several tenants in common. The appellees, judgment creditors of Joel B. Krauter, claimed the greater part of it in virtue of the lien of their judgment which attached before the proceedings in partition were commenced; and Krauter, the appellant, interposed a claim under the exemption laws of April 9, 1849, and April 8, 1859. The legislature having pointed out no other manner in which the claim can be made in cases like this where an appraisement for the purposes of exemption cannot be had, it was properly made before the auditor: Hill v. Johnson, 29 Pa. 362. The appellant is consequently entitled to the whole of the fund if he has not by some positive act precluded himself from claiming it. But the auditor has found that the appellees having issued execution upon their judgment in 1886, the appellant then claimed the protection of the exemption laws, and had goods appraised and exempted to the value of $254.05, and it is contended that this, in the absence of a distinct finding by the auditor that the goods so appraised

and exempted had been consumed or destroyed, was a bar to the present claim.

The question thus raised was determined in favor of the debtor in Hanley v. O'Donald, 30 Pa. 261. In that case there had been a claim made under the Act of 1849; goods to the value of $290.09 had been appraised and exempted, and four months afterwards, upon another execution issued upon the same judgment, the constable levied upon other goods not embraced in the appraisement, when the debtor again claimed exemption and an appraisement of the goods last levied upon. The constable refused to allow the claim except to the extent of the difference between the amount of the former appraisement and three hundred dollars, whereupon the debtor brought suit. Upon the trial the defendant asked the court to instruct the jury that the plaintiff was not entitled to exemption a second time on process issued on the same judgment; and also that he was not entitled to such second exemption without proof that he had parted with the property first set apart to him and that the proceeds thereof had been invested in the property levied upon in virtue of the last execution. Both points were refused, and the judgment was affirmed.

In addition to the reasons there given it may be said that neither the Act of 1849 nor that of 1859 in terms confines the exemption to the property once appraised. In their spirit these humane laws secure to the unfortunate honest debtor at all times the use and enjoyment of three hundred dollars worth of property if he have so much. But to hold him confined for all time to the goods once selected and appraised, or to the money exempted, or to the property into which either may have been converted, might soon leave him without anything. If the goods or money should not be consumed in living, the former would in time undoubtedly depreciate in value, and the same improvidence that made or kept the debtor poor would ordinarily leave him little to represent that which he might attempt to barter or invest. And the law has not conferred upon officers charged with the execution of process for the collection of debts, power to make such inquiries as would enable them to determine what may have become of property once appraised, and make good by a supplemental appraisement the loss by consumption, depreciation or other-

wise. Their duties are ministerial. As defined by the Act of 1849 they are to cause an appraisement to be made of the property which the debtor may elect to retain, not what they think him entitled to retain; and it is the "property thus chosen and appraised to the value of three hundred dollars" which is "exempt from levy and sale on the said execution or warrant," that is to say, the particular execution or warrant, as against which the claim of exemption is made. No power is given to the officer to inquire whether a former claim of exemption has been made. Such former claim is no protection to the debtor as against subsequent executions, but he must repeat his claim, make his election and have an appraisement made as often as a new seizure is impending: Strouse's Exr. v. Becker, 38 Pa. 190; Line's Appeal, 2 Gr. 197. The legislature having thus put the debtor, who was the object of its solicitude, to a new claim and election every time his slender estate is threatened, cannot have intended to confine his election to the property first appraised even while that remains in his possession. It follows that the appellee's election to retain certain goods and the appraisement and exemption thereof in 1886 is not a bar to his present claim.

The decree of the court below is reversed; the exceptions to the auditor's report are overruled and the report is confirmed.