F. Bates, Cashier in trust for the Exchange Bank of Titusville, Pa., Appellant. *v.* H. B. Cullum.

*Statute of limitations—Act of May 22, 1895—Retrospective act—Constitutional law.*

The act of May 22, 1895, P. L. 112, which declares: "That in all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become nonresident of the state after such cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitation of actions during the period of such residence without the state," is constitutional and retrospective in its effect.

Where the court opened a judgment in order to permit the defendant to plead the bar of the statute of limitations, and the issue was pending and

undetermined when the act of May 22, 1895, went into operation, the plaintiff may introduce evidence to show that the defendant became a nonresident of the state after the cause of action had arisen.

Argued May 5, 1896. Appeal, No. 347, Jan. T., 1896, by plaintiff, from judgment of C. P. Warren Co., March T., 1881, No. 258, for defendant, on trial by court without a jury. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Reversed.

Issue to determine the validity of a judgment, before the court without a jury.

The facts appear by the opinion of the Supreme Court.

On the trial the court, NOYES, P. J., held that the language of the act of May 22, 1895, P. L. 112, does not require a retrospective construction, but imports something to be completed in the future, and directed judgment to be entered for the defendant.

*Errors assigned* among others were, (2) in excluding the evidence on behalf of the plaintiff; (4) in entering judgment for defendant.

*Samuel T. Neill,* for appellant.—The defendant is not entitled to the benefit of the statute of limitations by reason of his absence from the state : Act of July 30, 1842, P. L. 449, 1 P. and L. Dig. 2671, pl. 6; Murray v. Baker, 3 Wheat. 545; Alexandria Bank v. Dyer, 14 Pet. 141; Gonder v. Estabrook, 33 Pa. 374.

The provisions of the act of May 22, 1895, deprive the defendant of the statute of limitations : Kille v. Iron Works, 134 Pa. 225; Lane v. White, 140 Pa. 99; Kelber v. Plow Co., 146 Pa. 485. It does not produce unconstitutional discrimination: Chemung Bank v. Lowery, 93 U. S. 72.

*W. M. Lindsey,* with him *Jas. O. Parmlee* and *Edward Lindsey,* for appellee.—The tendency of the courts of this state, is not to hold laws changing the method of procedure and relating solely to the remedy retroactive unless the legislative intention that they shall be so appears unmistakably clear : Bedford v. Shilling, 4 S. & R. 401; Ogle v. Turnpike Co., 13 S. & R. 256; Allen v.

Union Bank, 5 Wharton, 420 ; Bechtol v. Cobaugh, 10 S. & R. 121 ; Lefever v. Witmer, 10 Pa. 505 ; Uwchlan Tp. Road, 30 Pa. 156 ; Taylor v. Mitchell, 57 Pa. 209 ; Kille v. Iron Works, 134 Pa. 227 ; Lane v. White, 140 Pa. 99 ; Palairet's App., 67 Pa. 494 ; Dash v. VanKleeck, 7 Johns. 477 ; DeChastellux v. Fairchild, 15 Pa. 18 ; Bagg's App., 43 Pa. 512.

If the act shortened or lengthened the time of limitation as to nonresidents the title would, perhaps, be less objectionable, but to entirely deprive a class of people of rights they have heretofore enjoyed under what is at best no more than a notice that hereafter their use of such rights will be regulated, seems to us a violation of constitutional requirements : Road in Phœnixville, 109 Pa. 44 ; Sewickley v. Sholes, 118 Pa. 165 ; Phila. v. Ridge Ave. Ry., 142 Pa. 484 ; Com. v. Samuels, 163 Pa. 283 ; Payne v. School Dist., 168 Pa. 386.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896 :

In June, 1881, judgment was entered against defendant by virtue of a warrant of attorney contained in an unsealed note for $4,000 payable one day after the date thereof, November 10, 1873.

On defendant's application, the court in January, 1893, made a decree opening the judgment, for the purpose of enabling him to interpose the statute of limitations, and awarded an issue in which it is provided that " the judgment note shall stand for a declaration and defendant shall plead the statute of limitations, and no other plea, within ten days ; the plaintiff on the trial to be at liberty to show any matter in bar of the running of the statute, subject to the usual rules as to notice of special matter." On appeal to this court, the action of the court below, in thus opening the judgment and awarding the issue, was affirmed : Bates v. Cullum, 163 Pa. 234.

By agreement of the parties the cause was tried January 27, 1896, by the court without a jury. On the trial, evidence relating to the merits of the claim and also tending to prove that within a few weeks after the note in question was given defendant left the state of Pennsylvania and ceased to be a resident thereof, and thenceforth continued to reside without the state, etc., was offered by the plaintiff and received under objection. In connection with the evidence of defendant's nonresidence,

etc., he also cited and relied on the act of May 22, 1895, P. L. 112, which declares : " That in all civil suits and actions in which the cause of action shall have arisen within this state the defendant or defendants in such suit or action, who shall have become non-resident of the state after such cause of action shall have arisen, shall not have the benefit of any statute of this state for the limitation of actions during the period of such residence without the state."

Referring to the evidence that was received under objection, the learned trial judge, in his opinion, says : " All this evidence should have been excluded and we accordingly now sustain the objection, exclude the evidence from consideration and seal bill of exceptions for plaintiff. The plaintiff's evidence having been excluded, that offered by the defendant may be treated as withdrawn." As to the act above quoted, he says : " The language of the act before us does not seem to require a retrospective construction—at least not such as to compel us, on ascertaining a fact by the trial of an issue, to enter a different judgment from that which we should have entered had the fact been judicially ascertained at the time of the order awarding the issue." He accordingly held that " No fact appears by which the running of the statute of limitations was prevented ; " and, having found that the note in suit " was due more than six years before the judgment was entered " thereon, he enforced the bar of the statute and entered judgment for the defendant. Hence this appeal, in which the correctness of the learned judge's rulings are challenged.

If the act, properly construed, is applicable to suits and actions, such as this, in which the cause of action arose in this state prior to the passage of the act of 1895, etc., and is not unconstitutional on that or any other ground, it is impossible to justify the action of the court below in excluding the evidence of defendant's " residence without the state," for more than twenty years, as a fact " in bar of the running of the statute." One of the terms of the issue, awarded by the court, is that on the trial thereof the plaintiff shall " be at liberty to show any matter in bar of the running of the statute." The trial did not take place until January 27, 1896, more than eight months after the act was passed. All that was adjudicated prior thereto was the authority of the court to open the judgment

and award the issue on the terms therein specified.   The issue was pending and undetermined when the act went into operation.   The learned counsel for defendant, in their argument candidly " admit that the weight of authority is in favor of the power of the legislature to repeal and pass laws changing the methods of procedure, and relating solely to the remedy, pending litigation; " but they claim " that the peculiar situation of this case " renders those authorities as well as the act itself inapplicable.   For reasons above suggested, we are unable to see wherein either the act or the authorities referred to are not strictly applicable to the case in hand.   The language of the act is clear, specific and imperative.   It applies to " all civil suits and actions in which the cause of action shall have arisen within this state."   It affects all defendants " who shall have become nonresident, . . . . after said cause of action shall have arisen."   This language is clearly retrospective at least as applied to the cause of action and residence of the defendant.

Whether our statute of limitations should or should not continue to run in favor of persons who had abandoned their residence in this state was purely a legislative and not a judicial question.   The defendant had no right in or under the statute that could interfere with the power of the legislature to declare that he and all others similarly situated should not have the benefit thereof " during the period of " their " residence without the state."   As was said in Campbell v. Holt, 115 U. S. 628, " no man promises to pay money with any view of being released from that obligation by lapse of time.   It violates no right of his, therefore, when the legislature says, time shall be no bar, though such was the case when the contract was made."

We are of opinion that the act of 1895 is neither unconstitutional nor inapplicable to the facts of this case, and that the learned court erred in holding otherwise and excluding plain tiff's evidence.

Judgment reversed and record remitted for further proceed ings in accordance with this opinion.