## Unruh's Estate

Before Van Dusen, Stearne, Sinkler, Klein, and Bok, JJ., and Marx, P. J., twenty-third judicial district.

*Paul Reilly*, for exceptant.

*John P. Berry* and *Joseph Sharfsin*, for City of Philadelphia.

*James F. McMullan* and *John Franklin Shields*, for Commonwealth.

SINKLER, J., January 8, 1937.—The Commonwealth and the Germantown Poor Board both presented claims. for the support of decedent. The fund was insufficient to pay both. The Commonwealth pleaded the statute of limitations against the claim of the poor board and this plea was sustained by the auditing judge. The claim of the Commonwealth was allowed and it consumed the whole fund.

The poor board cited the Act of July 15, 1935, P. L. 997, which forbids the plea of the statute of limitations as against the claims of poor districts. The auditing judge ruled that this did not keep alive causes of action which were already barred, citing Renovo Borough v. Snyder, Guardian, 13 D. & C. 211.

Exceptions were filed by the poor board, and the City of Philadelphia was permitted to intervene as exceptant because of its interest in the general question.

The legislature may constitutionally lift the bar of the statute of limitations against a debt after that bar has become perfect. This was the decision in Bates, etc., v. Cullum, 177 Pa. 633, following Campbell et al. v. Holt, 115 U. S. 620, although the majority of reported cases elsewhere seem to be against the proposition. See the note at 67 A. L. R. 297.

The argument of the Commonwealth is that the Act of 1935, supra, is not retroactive, and Robb v. Harlan, 7 Pa. 292, is cited, in which it was said:

"We do not say that the legislature has no constitutional power to restore a right of action barred by the statute of limitations, which operates not on the right, but on the remedy, except in the case of a right of entry; but nothing less than plain and unequivocal words would convince us that they meant to do so."

The Act of 1935 deals with claims against the estates of "persons who are or were public charges", and provides that the statute of limitations may not be pleaded as a defense to such claims. In Bates, etc., v. Cullum, supra, the statute in question (Act of May 22, 1895, P. L. 112) was enacted after the cause of action had been barred for 16 years. It applied to "actions in which the cause of action shall have arisen" and forbade the benefit of the statute of limitations in favor of defendants "who shall have become non-resident of the State after said cause of action shall have arisen". The Supreme Court applied this statute to this very stale cause of action.

Both of these statutes are to a certain extent retroactive; and if the Supreme Court regarded the one as fully retroactive and as lifting a bar which was already perfect, so must we in dealing with the Act of 1935, the vehement language of Robb v. Harlan, supra, to the contrary notwithstanding.

The decedent died about one year prior to the enact-

ment of the Act of 1935. Nevertheless the statute is effective under Campbell et al. v. Holt, supra; Hill v. Johnston et al., 29 Pa. 362; Wettengel v. Robinson et al., 300 Pa. 355; Cairns v. Spencer et al., 87 Pa. Superior Ct. 126. In the case last cited Judge [now Justice] Linn quoted the following from the opinion of the Supreme Court in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163:

"Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage".

The exceptions are sustained and the adjudication is modified by allowing the claim of the poor board in the sum of $4,590.83. As this claim has priority over the claim of the Commonwealth: Metcalf's Estate, 319 Pa. 28; the entire balance for distribution is awarded to the Germantown Poor Board.