## In re Pennsylvania Indemnity Corporation

*Harry B. Schultz*, for Commonwealth.

*L. H. Van Dusen, Jr., Drinker, Biddle & Reath*, for respondent.

KUN, J., December 7, 1939.—The Commonwealth filed a petition under the provisions of the Act of June 25, 1937, P. L. 2063, for the payment of certain unclaimed moneys, debts, or obligations into the State Treasury without escheat, directed against the Pennsylvania Indemnity Corporation of Philadelphia, following a report by the corporation, as required by the act, of such items unclaimed for more than seven years. To the rule to show cause why it should not make such payments, the corporation filed an answer denying the right of the Commonwealth to have the money paid to it. Inasmuch as the amount in controversy represents balances of premiums on policies of indemnity insurance issued by it

to various policyholders which had been canceled or surrendered, and as respondent claims that the policyholders' rights to recover the same had been barred by the statute of limitations before the passage of the Act of 1937, respondent contends it is unconstitutional as attempted to be applied to it, in this proceeding.

The contention of respondent is not sound. It proceeds on the erroneous assumption that the statute of limitations operated to transfer the title to the claim for the money from the policyholder to it so as to give it title to the money. If that were so, the statute under consideration would deprive respondent of its property without due process of law. But that is not so. A statute of limitations is merely procedural, and a repeal of such a statute, or extension of the period of limitation does not, as applied to a debtor, the right of action against whom has already been barred by it, deprive him of his property in violation of the Constitution of the United States: Campbell et al. v. Holt, 115 U. S. 620; or of this State: Bates, etc., v. Cullum, 177 Pa. 633; Unruh's Estate, 29 D. & C. 113; Germantown Trust Co. v. Powell, 265 Pa. 71, 83.

In the last-cited case our Supreme Court sustained the validity of the Escheat Act of June 7, 1915, P. L. 878, which was a forerunner of the Act of 1937, supra, now under consideration. That act, likewise, by section 3 thereof, required reports to be made, inter alia, by insurance companies of "all dividends or profits declared by it to any stockholder or member", and "all debts and interest on debts due by it to any creditor, and not paid for three . . . years", which by the act were made subjects of escheat to the State. In Germantown Trust Co. v. Powell, supra, the court said (p. 77) :

"There seems to be no room for doubt that the Commonwealth, by virtue of its sovereign power, may take charge of property abandoned or unclaimed for a period of time, or which has no known owner: Commonwealth v. Dollar Savings Bank, 259 Pa. 138, 145, and cases cited."

Some disagreement was expressed in a concurring opinion filed on behalf of three of the justices of the court as to the proper basis for the decision. The majority, on the one hand, held that the validity of the statute rested upon the right of the legislature to change the statute of limitations in respect to the subject matter, and approved the classification of the corporations affected by the act. The minority, on the other hand, expressed the view that the question of the applicability of the statute of limitations was not involved; but as there is nothing in the fundamental law of the State which forbids special legislation on the subject of escheat, the legislature had full power to pass the act irrespective of the doctrine of classification.

The Act of 1937 under consideration is merely an extension and enlargement of the prior act as to subjects affected, providing on the one hand for the formal escheat of moneys or property subject thereto, and by section 9 thereof adding the alternative procedure here invoked for the payment into the State Treasury of certain unclaimed moneys without formal escheat, preserving (by section 10) the right to claimants to come in at any time thereafter and receive their money with two percent interest thereon from the time it was paid into the State Treasury. Certainly this is a more just disposition of the rights of such claimants. The retroactive effect of the act was approved by the Supreme Court in Edelman v. Boardman, etc., 332 Pa. 85, at page 93, where the statute is referred to as affording the opportunity to the State "to acquire escheatable property by a proceeding which is more speedy and advantageous than escheat and saves compensation to escheators and other costs".

The Act of June 25, 1937, P. L. 2063, does not offend either the State or the Federal Constitution.

Rule absolute.