## Creasy v. Commonwealth

*Leonard M. Mendelson,* for plaintiff.

*Thomas J. Dempsey,* for defendant.

ALDISERT, J., May 7, 1965.—A provision of the new Eminent Domain Code of June 22, 1964, P. L. 84, makes it mandatory for a judge to accompany the jury on the view in every condemnation case.

Such a requirement, if literally enforced, would require radical changes in the operation of a modern metropolitan court system such as that operating in Allegheny County. It has been the eminent domain practice in this court, fortified by years of tradition, that juries go on the view, without a judge, prior to the case being assigned to a particular trial judge. This saves anywhere from one half to one day's trial time. This practice has met the enthusiastic support of the entire trial bar.

In every case in this court since the passage of the Eminent Domain Code of 1964, counsel have been willing to stipulate that the requirement that a judge accompany the jury be waived.

In the case before us, however, neither counsel has been willing to so stipulate. Both have joined in an oral motion demanding that a judge accompany the jury on a view. Both parties have insisted on the observance of the language of the statute to the letter of the law.

It, therefore, becomes necessary to examine this statute, and this we do.

We do not approach this problem from the standpoint

of adding to the congestion of this court, already over-burdened with the ponderous litigation of a modern metropolitan community. Nor do we examine this problem from the standpoint of the wisdom of this aspect of the statute. Our inquiry is directed to an examination of the constitutionality of this provision.

We have determined that this particular provision is unconstitutional. We have communicated our decision to counsel in response to their oral motion. We now file this opinion in support of our decision.

Paragraph (1), sec. 703, of the Eminent Domain Code of June 22, 1964, P. L. 84, reads:

"At the trial in court on appeal:

"(1) Either party may, as a matter of right, have the jury, or the judge in a trial without a jury, view the property involved, . . . and the view shall be evidentiary. If the trial is with a jury, the trial judge shall accompany the jury on the view".

This section changes existing law in two important respects:

1. Where the purpose of a view in Pennsylvania was formerly to aid in understanding the testimony (Avins v. Commonwealth, 379 Pa. 202), this provision, in accordance with the holding of the majority of the States (5 Nichols on Eminent Domain, §18.31), makes the view evidentiary in nature.

2. Where the granting of a view was formerly discretionary (Rudolph v. The Pennsylvania Schuylkill Valley R. R. Co., 186 Pa. 541; Pennsylvania Rules of Civil Procedure 219), even though the Act of May 21, 1895, P. L. 89, sec. 2, 26 PS §82, conferred a right to a jury view, this provision makes a view by the judge and/or jury mandatory.

The General Assembly may prescribe a new rule of evidence: Phillips v. Unemployment Compensation Board of Review, 152 Pa. Superior Ct. 75, 82, 30 A. 2d 718; 16 C.J.S., Const. Law §128(d) ; Salsburg v.

Maryland, 346 U.S. 545, 98 L. Ed. 281. This portion of the new act does not cause us concern.

We must inquire, however, whether the General Assembly has the constitutional power to regulate and control the procedure for the administration of justice in the courts so as to require judges physically to leave the halls of justice to supervise the taking of evidence in the various parts of their jurisdiction.

The doctrine of the separation of powers lies at the heart of our political system. Indeed, it has been held to be inherent in the Pennsylvania Constitution: Wilson v. Philadelphia School District, 328 Pa. 225, 195 A. 90, 113 A. L. R. 1401.

Under this principle, the General Assembly is vested with the power to make, alter and repeal laws (Pennsylvania Constitution, article II, sec. 1; Marshall Impeachment Case, 363 Pa. 326, 69 A. 2d 619) ; the power to declare the law and administer justice is vested in the judiciary; Pennsylvania Constitution, article V, sec. 1; Commonwealth v. Knox, 172 Pa. Superior Ct. 510, 94 A. 2d 128, affirmed 374 Pa. 343, 97 A. 2d 782; Nesbit v. Riesenman, 298 Pa. 475, 148 A. 695, cert. denied, 281 U.S. 754, 50 S. Ct. 408, 74 L. Ed. 1164.

The authority of the judiciary to determine and regulate its own practice and procedure should be the natural and inherent attribute of its powers, but history has shown interesting developments of this concept.

The early American courts were imbued with the English jurisprudential concept that Parliament, as the supreme power in English government, had the supreme power to determine matters of procedure. Thus, while the courts did not hesitate to regulate their own proceedings, Parliament or the legislature had the final word and ultimate control: Bigelow, History of Procedure, 77; Tidd, The Practice of the Courts of the King's Bench, 9th ed. 1828, p. xxxvii; 35 Trinity 1457

(Henry VI); Pennsylvania Ordinance of October 28, 1701, in York's Laws of Pennsylvania (1879) 322, 344. The power to regulate procedure, then, was by grant from the legislature.

This theory did not abate with the inception of our Federal Constitution of 1787 and various State constitutions. Indeed, the first Judiciary Act of 1789 assumed the old legislative prerogative and purported to empower the courts to govern the latter's own business: Act of September 24, 1789, c. 20, 1 Stat. 73.

Similarly did the Legislature of Pennsylvania give rule-making power to the courts: Act of September 25, 1786, 2 Sm. L. 472. See also Act of June 21, 1937, P. L. 1982, 17 PS §61.

Had the principle of separation been literally applied, the legislative supremacy in establishing rules of practice and procedure in the courts would have come to an end. The principle was not, however, clearly understood or fully applied: Holcombe, State Government in the United States (1931), page 50, et seq.

Whether the power of the American courts to regulate their own proceedings is by grant from the legislature or inherent has always been a fertile field for commentary. The unanimous conclusion is that, notwithstanding any statutory grant, such authority is inherent in the judiciary: Wigmore, All Legislative Rules for Judiciary Procedure Are Void Constitutionally, 23 Ill. L. Rev. 276; Tyler, The Origin of the Rule-Making Power and Its Exercise by Legislatures, 22 A.B.A.J. 772; Gertner, The Inherent Power of Courts to Make Rules, 10 U. of Cin. L. Rev. 32; Kaplan, The Validity of Legislative Regulation of Procedure, 16 Temple L. Q. 51; The Rule-Making Power: A Bibliography, 15 A.B.A.J. 199; Dowling, The Inherent Power of the Judiciary, 21 A.B.A.J. 635.

Many courts have taken the position that the enabling statutes add nothing to the power already pos-

sessed by the courts: Epstein v. State, 190 Ind. 693, 128 N.E. 353; In re Ricker's Petition, 66 N. H. 207, 29 Atl. 559; Hanna v. Mitchell, 202 App. Div. 504, 196 N.Y.S. 43, affirmed 235 N.Y. 534, 139 N.E. 724 (leading case).

The problem of conflict between rules of court and statutes has never been specifically ruled upon in this Commonwealth. Our courts have held that legislative directives on procedure must be obeyed: Commonwealth v. Knox, supra; Baldwin v. Ely, 127 Pa. Superior Ct. 110, 117, 193 Atl. 299; Leahey v. Farrell, 362 Pa. 52, 59, 66 Atl. 2d 577; First National Bank of Pittsburgh v. Baird, 300 Pa. 92, 100, 101, 150 Atl. 165; Harris v. Mercur (No. 1), 202 Pa. 313, 318, 51 Atl. 969; Bates v. Cullum, 177 Pa. 633, 637, 35 A. 861; Sayres v. Commonwealth, 88 Pa. 291, 307.

Whether this is a rule of comity or subservience, the cases do not say. In the area of special and local legislation, art. III, sec. 7, of the Pennsylvania Constitution expressly prohibits the passage of acts, inter alia, changing venue, authorizing the adoption or legitimation of children, granting divorces, and regulating the practice of or changing the rules of evidence in the courts. This section concludes: "Nor shall any law be passed granting powers or privileges in any case . . . where the courts have jurisdiction to grant the same or give the relief asked for". It is to be noted that these prohibitions concern the discretion, the practice and the powers of the judiciary.

In the area of general legislation, as early as 1879 our Supreme Court, speaking through Mr. Justice Paxson in the case of Sayres v. Commonwealth, supra, at page 307, pronounced the principle of inherent power; "But may not the legislature fix return-days, and provide for a speedy hearing? This court has already done so by virtue of *its inherent power to control its business*, and we have no doubt our action was in

entire harmony with the Constitution". (Italics supplied).

In the case of Leahey v. Farrell, supra, pages 59-60, the court held that ". . . when [the legislature] acts arbitrarily or capriciously and refuses or neglects to comply with the reasonably necessary requirements of the court, whereby the administration of justice may be impaired or destroyed . . . under the inherent power of the court, orders . . . may be enforced by mandamus".

In the Socialist Labor Case, 332 Pa. 78, 80, the court held that it will not ". . . respect and follow legislative enactments . . . where such enactments are infringements on the judicial power, or where the provision is clearly incompatible with important judicial business, or impossible of judicial performance". Also, if an act to be performed is a judicial function, even though the word *shall* is used, the court will construe it to be *directory* and not mandatory. See also American Labor Party Case, 352 Pa. 576, 580, 44 A. 2d 48; In re Investigation by June, 1938, Dauphin County Grand Jury, 46 Dauph. 54; 16 C.J.S. Const. Law, §108.

The admission of items of evidence is not without exercise of judicial discretion. Matters of relevancy, probative value and remoteness, consideration of time, expense, prejudice and public policy, and the weighing of the value of the evidence upon an issue versus the disadvantages have always been within the judicial province. They are essential to the dispensation of justice. They cannot be determined by legislative fiat.

The General Assembly may not categorically require the judiciary in each and every eminent domain proceeding to leave the appointed halls of justice with crier, tipstaff, minute clerk and court reporter to perform its judicial functions, i.e., the taking of evidence in the various loci within and without its jurisdiction. (For an annotation concerning the impropriety of a

trial judge giving a judgment on his personal and private knowledge, see 97 A.L.R. 326, 335. See also 1 Chamberlayne, Evidence, §574.)

That provision of paragraph (1), sec. 703, of the Eminent Domain Code of 1964, insofar as it makes the taking of a view by the judge mandatory, is an unwarranted, unreasonable and burdensome interference with judicial prerogative. Circumstances in which a view will have little or no evidentiary value are not beyond the imagination. In that case, the General Assembly cannot make evidence out of nonevidence: Phillips v. Unemployment Compensation Board of Review, supra, page 82.

The General Assembly has no more constitutional prerogative to dictate judicial practice and procedure than the judiciary has to dictate the rules for legislative proceedings, i.e., to require the legislature to convene at some location other than in the capitol.

We therefore conclude:

1. Under the constitutional principle of separation, the judiciary has inherent power to make and change the rules governing its own proceedings.

2. All rules of procedure promulgated by the Supreme Court are valid, notwithstanding the inconsistency of paragraph (1), sec. 703, of the Eminent Domain Code of 1964 with Pa. R. C. P. 219.

3. The rules of procedure declared by the General Assembly have only such effect as the comity of the judiciary may give them.

4. No comity will be given where a rule unduly burdens or interferes with the administration of justice, and is contrary to a rule of procedure declared by the Supreme Court of this Commonwealth.

5. Paragraph (1), sec. 703, of the Eminent Domain Code requiring a judge to go out on a view is unconstitutional, for the reasons that:

(a) it deprives the judiciary of its constitutional

prerogative to determine the relevancy, probative value and admissibility of items of evidence;

(b) it unduly burdens and interferes with the just, speedy and inexpensive administration of judicial proceedings; and

(c) it conflicts with Pa. R. C. P. 219, as adopted by the Supreme Court of this Commonwealth.

### ORDER OF COURT

And now, to wit, May 7, 1965, we reduce to writing the oral decision heretofore rendered in response to the oral motion of both counsel, and it is hereby ordered, adjudged and decreed that the motions be, and the same are hereby, denied.